## Savings & Trust Company of Indiana v. Pennsylvania Railroad Company, Appellant.

*Railroads—Eminent domain—Appropriation of land—Witnesses— Market value—Availability of tract for town lots—Value of standing timber.*

1. In a proceeding to ascertain damages for the taking of land by a railroad company under the right of eminent domain, the market value at which the law seeks to arrive is what the land would sell for in the open market in the regular course of trade and competition ordinarily obtaining. It is, therefore, proper for a qualified witness to include in his estimate every consideration which in his judgment would influence the general buyer.

2. In such a case, the fact that the land in question had not been laid off in lots, that it did not appear that the owner ever contemplated selling it in that way, and that no existing demand for the particular lots was affirmatively shown, is not sufficient to exclude the testimony of those witnesses whose estimate of value took account of the availability of the land for building lots, if it could be reasonably expected that the general buyer would consider future availability for the lots and regulate his bid accordingly. This rule applies as well to estimates of depreciation in consequence of appropriation.

3. Evidence as to the value of standing timber on the land so appropriated is competent only for the purpose of supporting the estimates of witnesses who have testified to the value of the land taken in making up their estimate of the total damage. It is not competent as evidence of a distinct element of value separate from the land itself.

4. In an action for damages for the taking of land under the right of eminent domain, where the larger part of the land in question is situated within the limits of a borough, there is no force in an objection to the competency of a witness on the ground that his knowledge of market value is confined largely to town lots.

Argued Oct. 10, 1910. Appeal, No. 178, Oct. T., 1910, by defendant, from judgment of C. P. Indiana Co., Sept. Term, 1906, No. 349, on verdict for plaintiff in case of The Savings & Trust Company of Indiana, Pa., administrator of the Estate of Martha R. Sloan, deceased, v. Pennsylvania Railroad Company. Before FELL, C. J., MESTREZAT, ELKIN, STEWART and MOSCHZISKER, JJ. Affirmed.

Appeal from award of jury of view. Before TELFORD, P. J.

The facts appear in the opinion of the Supreme Court.

Verdict and judgment for plaintiff for $10,887. Defendant appealed.

*Errors assigned* were (1, 15) in permitting witnesses, in giving their estimate of the market value of the tract as a whole to include as an element of such value the availability of tract for lot purposes; (2, 3, 6) in refusing to strike out witnesses' estimate when based on loss of sewerage; (4, 5) in admitting testimony as to market value

of timber on land taken; (8–14) various rulings on evidence and (15–19) various instructions of the court.

*J. N. Banks*, for appellant.—It is the actual present condition at the time of the taking which must be considered, not prospective or possible contingencies: Catlin v. Northern Coal & Iron Co., 225 Pa. 262; Hamory v. Penna., etc., R. R. Co., 222 Pa. 631; Penna., S. V. R. R. Co. v. Cleary, 125 Pa. 442.

It is objectionable to show the value of timber trees on the right of way as a separate element of damages: Reading & P. R. R. Co. v. Balthaser, 126 Pa. 1; Cox v. Phila., etc., H. & P. R. R. Co., 215 Pa. 506.

*A. E. Sloan*, with him *Samuel Cunningham* and *J. S. Fisher*, for appellee.—It is proper to show availability or adaptability for lot purposes by showing the location of the property, and character of surroundings, as a part of the intrinsic value of property: O'Brien v. Ry. Co., 194 Pa. 336; Wilson v. Equitable Gas Co., 152 Pa. 566.

Evidence as to the value of the timber on the land appropriated was introduced simply to acquaint the jury with the condition of the plot and the timber thereon: Leiby v. Clear Spring Water Co., 205 Pa. 634; Danville, Hazleton & Wilkes-Barre R. R. Co. v. Gearhart, 81* Pa. 260.

OPINION BY MR. JUSTICE STEWART, January 3, 1911:

The action was for damages for the taking of land under the right of eminent domain. The land taken is a narrow strip containing eight acres, part of a larger tract of sixty-one acres lying partly within and partly without the borough of Blairsville. This strip had been condemned by the defendant company for the purpose of constructing thereon a railroad track parallel with another previously constructed on the same tract. From the judgment obtained on the verdict in the court below the defendant company has appealed, and we have pre-

sented to us nineteen assignments of error. We cannot attempt a discussion of these separately, nor is it necessary. Much less than half the number would have sufficed to raise every question in the case. In seven, the complaint is the same, namely, that the court erred in permitting witnesses, in giving their estimate of the market value of the tract as a whole, to include as an element of such value the availability of the tract for building lots, inasmuch as it was not shown that any present demand existed for building lots in that neighborhood, or that any attempt had been made to sell the land in lots, or that the land had even been surveyed and laid out with such purpose in view. These assignments involve a misconception of what the law means by market value in such cases. It is nothing more or less than what the subject would sell for in the open market, exposed to all bidders, in the regular course of trade and competition which ordinarily obtains with respect to that particular class of subject. Nothing short of an actual sale of a tract of land in the open market can fix definitely and certainly its market value. Until so sold, what it will bring in a fair and open market, is mere matter of opinion, and wide divergence of view is in most cases to be expected, rarely, however, so marked as in the present case. Nevertheless, it is from these opinions, based on the general selling price of land, however divergent, that the laws seek to arrive at an estimate that will serve the ends of practical justice. No opinion as to the market value of a tract of land based on other considerations than such as may reasonably be expected to influence the general buyer, can be in the least helpful. As much may be said of the opinion which excludes from the estimate considerations which manifestly would appeal to and influence the general buyer. True, what would appeal to the general buyer in the way of enhancement of value, is matter of opinion, and here too diversity of view is to be expected; but this does not change the fact that the reference must be to the mind of the general buyer. When

there is diversity of view expressed with respect to this matter, it is for the jury to determine for themselves, which of the opposing witnesses has given the better reason for his view. It is perfectly proper therefore, for a witness who has shown himself qualified to speak on the subject of value, when giving his opinion, to include in his estimation any and every feature and consideration which in his judgment would influence the general buyer. This brings us to the question raised by these assignments. The land had not been laid off in lots; it did not appear that the owner ever contemplated selling it in that way; nor did it affirmatively appear that there was present existing demand for building lots in that neighborhood. Should these facts exclude from the computation all consideration of the availability of the tract for building lots? Certainly not, if the market value is the thing to be determined. The owner of a piece of land may be blind to its most profitable uses, or, because of his circumstances, indifferent as to employing them. Whether he neglect or improve advantages in connection therewith, is his own concern. If these uses and advantages would occur to the average buyer and influence him, they must enter directly into the market value of the land regardless of the uses to which the owner has theretofore applied the land. The reference must always be to present value in view of the uses to which the land is reasonably capable of being put; for these are the things that operate and determine market value. The fact that no existing demand for the particular lots was affirmatively shown, was not sufficient to exclude the testimony of those witnesses whose estimate of value took account of the availability of the land for building lots. The rule we have indicated must here apply. If it could reasonably be expected that the general buyer would consider future availability for the lots and regulate his bid accordingly, such availability necessarily becomes an element entering into market value. What we have said on the general subject applies as well to estimates of de-

preciation in value in consequence of the appropriation. All and only such things are to be considered as may reasonably be expected to be taken in account by the general buyer. If the land was available for building lots and had enhanced value on that account, whatever resulted from the appropriation to render it less desirable or marketable for this particular purpose, whether in convenience of approach, greater difficulty and increased expense in establishing convenient streets, interference with proper drainage and sewerage, or whatever it may be, would necessarily enter into the estimate. Of the nineteen assignments, twelve have been sufficiently answered in what we have said.

The strip appropriated by the defendant company was covered with standing timber at the time of the appropriation. This timber was cut and used in the construction of the railroad. Evidence was admitted as to its value. This ruling is the subject of the fourth and fifth assignments. The evidence was competent for one purpose only. Two of plaintiff's witnesses had testified to the value of the eight acres of land taken in making up their estimate of the total damage sustained. In so far as the offer to show the value of the timber would go to support these witnesses in their estimation of the value of the land actually taken, it would be competent for that purpose. It would not be competent as evidence of a distinct element of value separate from the land itself. Whether it was employed in the way indicated we have no means of knowing to a certainty. It would have been entirely proper for the court to have so instructed the jury, and it would doubtless have done so had a request for such instructions been made. The point was not in any way raised on the trial.

The ninth and twelfth assignments challenge the competency of certain witnesses who were admitted to testify to the market value of the plaintiff's land on the ground that their knowledge of market value was confined largely to town lots. When it is recalled that more than one-

half of the plaintiff's tract was within the borough limits, the objection to the competency of the witnesses is left without force. The remaining assignments may be disposed of without other comment than this,—the evidence complained of was introduced not by the plaintiff but by the defendant. We see no merit in any of the assignments. All are overruled and the judgment is affirmed.