# Bullock v. Baltimore & Ohio Railroad Company, Appellant.

*Railroads—Negligence—Sparks—Case for jury—Damages.*

1. In an action against a railroad company to recover damages for the loss of crops and growing timber alleged to have been caused by sparks the case is for the jury, where there is testimony tending to show that the fire was caused by cinders of an unusual size and so large that they could not have escaped from the smoke stack of a properly equipped locomotive. In such a case if there was evidence that the plaintiff did not make a reasonable effort to extinguish the fire and save his property, the question of his negligence is for the jury.

2. In an action against a railroad company to recover damages for the loss of growing timber by fire from sparks, the measure of damages is not the value of the wood destroyed, but the injury to the plaintiff's land as a whole by the destruction of the timber, if it appears that much of the timber was growing and not marketable and had no value as wood.

Argued Feb. 5, 1912. Appeal No. 85, Jan. T., 1911, by defendant from judgment of C. P. Delaware Co., Sep. T., 1907, No. 223, on verdict for plaintiff in case of Edward T. Bullock v. Baltimore & Ohio Railroad Company. Before FELL, C. J., BROWN, MESTREZAT, ELKIN and MOSCHZISKER, JJ. Affirmed.

Trespass to recover for the loss of crops and growing timber.  Before JOHNSON, P. J.

The opinion of the Supreme Court states the case.

Verdict and judgment for plaintiff for $1632.40.  Defendant appealed.

*Errors assigned* were various rulings on evidence and instructions.

*Kingsley Montgomery,* for appellant.

*A. B. Geary,* for appellee.

PER CURIAM, March 18, 1912:

This action was to recover damages for the loss of crops and growing timber by fire alleged to have been caused by the defendant's negligence.  There was testimony tending to show that the fire was caused by cinders of an unusual size and so large that they could not have escaped from the smoke stack of a properly equipped locomotive.  The question thus raised together with that of the plaintiff's negligence in not making a reasonable effort to extinguish the fire and save the property from destruction was clearly for the jury and were properly submitted.

The measure of damages was not the value of the wood destroyed, but the injury to the farm as a whole by the destruction of the timber.  Much of the timber was young and not marketable and had no value as wood. It was growing into value and added to the value of the land it covered, and the whole of it added to the value of the farm of which it was a part.  The ruling on the subject was in accordance with the opinion in Mahaffey v. Railroad Co., 229 Pa. 285.

The judgment is affirmed.