# Creasy *v.* Pennsylvania Railroad Company, Appellant.

*Railroad—Negligence—Fire from sparks—Evidence—Damages.*

1. In an action against a railroad to recover damages for injuries resulting from fire caused by sparks, where the evidence for the plaintiff shows that it was not practicable to identify the engine from which the sparks were thrown which caused the fire, evidence is competent to prove that the defendant's locomotives generally, or many of them, at or about the time of the occurrence threw cinders of unusual size and kindled fires on that part of the railroad.

2. In such a case a witness for plaintiff may give his opinion that certain cinders which he had seen and described would not pass through a spark arrester properly constructed and in good repair, if it appears that such witness had been engaged in railroad work for nine years, had worked in railroad shops for two years, had assisted in taking apart and putting together two engines, had been a fireman, had operated a locomotive and was familiar with the use of spark arresters.

3. In an action against a railroad to recover damages resulting from escaping sparks, plaintiff may prove the value of standing timber which had been destroyed as bearing upon the difference between the market value of the property injured before and after the fire.

Argued March 2, 1914.   Appeal, No. 35, March T., 1914, by defendant, from judgment of C. P. Columbia. Co., Feb. T., 1910, No. 195, on verdict for plaintiff in case of F. P. Creasy v. Pennsylvania Railroad Company.   Before RICE, P. J., HENDERSON, ORLADY, HEAD, PORTER and KEPHART, JJ.   Affirmed.

Trespass to recover damages for injuries to property caused by sparks from a locomotive.

The opinion of the Superior Court states the case.

Verdict and judgment for plaintiff for $1,100.   Defendant appealed.

*Errors assigned* were various rulings and instructions sufficiently set forth in the opinion of the Superior Court.

H. M. Hinckley, with him L. E. Waller, for appellant, cited: Erie Ry. Co. v. Decker, 78 Pa. 293; Albert v. Ry. Co., 98 Pa. 316; American Ice Co. v. Penna. R. R. Co., 224 Pa. 439; Shelly v. R. R. Co., 211 Pa. 160.

W. H. Rhawn, with him Fred Ikeler, for appellee.

OPINION BY HENDERSON, J., May 14, 1914:

The plaintiff's action arises out of a fire which destroyed a body of standing timber which fire as alleged in the declaration was caused by the defective condition of the spark arrester in an engine or engines of the defendant used on its railroad. The plaintiff's evidence tends to show that the fire was communicated to his property by cinders thrown onto the right of way of the defendant or onto the plaintiff's land in close proximity to the right of way, and that the fire thus started, burned over a tract of timber land adjoining the cultivated portion of the farm. A large part of the argument of the learned counsel for the appellant is devoted to a discussion of the competency of evidence admitted at the trial showing that some of the locomotives of the defendant used on that portion of its road, emitted large quantities of cinders of an unusual size, and greater than would have been thrown out had the spark arresters been in proper order. This portion of the argument is based on the assumption that one of the plaintiff's witnesses, Martin Rhawn, had identified the locomotive or locomotives which ignited the fire. This witness testified in one part of his examination that one of two engines which passed over the road started the fire, and if there were nothing more in his evidence, it might be fairly assumed, that the fire was caused by one, or perhaps both of the engines to which he referred. He did not know the number of either of them, but so described the trains that the engines might have been identified. It is clear, however, from a consideration of other parts of the testimony of this witness, and from his testimony

taken as a whole, that his reference to the particular locomotive as the cause of the fire was the expression of an inference, not a statement of a fact, for he was three-fourths of a mile away from the place where the fire started at the time the two trains passed him, and it was an hour later when he was notified to go to the place where the fire had burned into the woodland. Moreover, he states that he could not say of his own knowledge whether the engines attached to the two trains to which he referred, or some other engines which had passed over the road that forenoon, set the fire, nor did he know how long the fire had been burning up the hillside before his attention was called to it. There was evidence that other engines had gone over the road and that the fire might have smoldered for some time before it spread into the plaintiff's woods. We agree with the learned counsel for the appellant that where the defective locomotive is known or can be identified as that which probably caused the fire, evidence is not admissible to show the condition of the locomotives generally used, and this identification need not extend to the number of the locomotive. The designation of the particular train may under some circumstances be sufficient, as where it is a train on a regular schedule, and the engine attached to it was the only one to which the fire could by any reasonable possibility be traced. This is the rule declared in Albert v. Northern Central Railway Company, 98 Pa. 316, and restated in Shelly v. Philadelphia & Reading Railroad Company, 211 Pa. 160. If the testimony in the case before us contained such identification of the engine which caused the injury as was presented in the cases above cited, it would not have been permissible to prove that many of the locomotives used by the defendant were improperly operated or in a defective condition with reference to the spark arrester. The plaintiff charged in the declaration and offered evidence from which it may be fairly concluded that it was not practicable to identify the engine from

which the sparks were thrown which caused the fire. Evidence was competent, therefore, to prove that the defendant's locomotives generally, or many of them, at or about the time of the occurrence, threw cinders of unusual size and kindled fires on that part of the road: Henderson v. Railroad Company, 144 Pa. 461; Byers v. Railroad Company, 222 Pa. 547; Elder Township School District v. Pennsylvania Railroad Company, 26 Pa. Superior Ct. 112. The assignments relating to the admission of this evidence are overruled.

Exception was taken to the admission of the testimony of a witness, Lang, who was questioned in regard to the construction of spark arresters. Having given testimony in regard to the discharge of cinders by some of the defendant's engines at or near the time of the fire the witness was asked whether cinders such as he had seen and described would pass through a spark arrester that was properly constructed and in good repair. The objection made to the offer was that he had not had such experience as made him a competent witness on that subject. It appeared from his evidence that he had been engaged in railroad work for about nine years, that he was employed for about four years in two of the shops of the Philadelphia and Reading Railroad, that he had assisted in taking apart and putting together two engines, that he had been a fireman, had operated a locomotive and was familiar with the use of spark arresters. The trial judge held the witness was competent, and we agree with him in that conclusion. It is clear that the witness possessed some knowledge of the subject, and had considerable observation. His competency was a matter largely within the discretion of the court below, and there is no sufficient reason for holding that this discretion was mistakenly exercised.

Another ground of complaint is that the testimony of the witness Stevens in regard to the value of the standing timber was admitted. There is no doubt that the

measure of damages is the difference between the market value before and after the injury, but it has never been held that the litigants are restricted to a bare statement of the amount of this difference.   It is competent to show the location, kind and quality of property destroyed.   Evidence of this character is offered not for the purpose of establishing a measure of damages but to enlighten the jury in regard to the elements which enter into a just consideration of the whole amount of the loss.   The plaintiff's counsel expressly limited the offer of evidence in regard to the value of the standing timber and disavowed any intention to make that value the measure of damages.   It was important to the plaintiff to show the extent of his injury, a large part of which was the loss of timber trees.   Evidence as to the value of these trees by witnesses competent to testify on that subject was useful to the jury and admissible as one of the elements entering into the total of the loss: Kossler v. Railroad Company, 208 Pa. 50; Rabe v. Coal Company, 213 Pa. 252; Savings and Trust Company v. Railroad Company, 229 Pa. 484.

One of the witnesses called by the plaintiff gave evidence in regard to cinders found by him along the defendant's right of way and near the plaintiff's line in the vicinity of the place where the fire originated and exhibited some of the cinders.   It appeared at a later stage of the trial, in the defendant's evidence, that the right of way extended sixty feet from the middle line of the track, and that the cinders were found within the right of way, but on the hill side adjoining the plaintiff's woods.   The court charged the jury, that the cinders were erroneously admitted as an exhibit, and that they should disregard them in the case, because they were not found on the plaintiff's land.   It has been held in many cases that liability for damages by fire may be established by circumstantial evidence.   The law does not require demonstrative proof to show the connection between cinders from a locomotive and loss

by fire on property adjoining the railroad track. The presence of rubbish or vegetation, the dry condition of such vegetation, the grade of the track and other circumstances are to be taken into consideration in determining whether the given fire was caused by unusual sparks thrown from locomotives, and it is not necessary that such sparks fall directly on the land of the person injured: Byers v. Railroad Company, 222 Pa. 547; Stephenson v. Railroad Company, 20 Pa. Superior Ct. 157. As the evidence objected to was subsequently withdrawn by the court, it is unnecessary to enlarge on the question of its competency. The jury was distinctly instructed to disregard it.

It is sufficient to say with reference to the refusal of the court to affirm the defendant's fourth point that a considerable part of the plaintiff's loss as shown by his evidence was the destruction of the timber as a windbreak. The market value of the trees was, therefore, not the only element entering into the damage sustained. It cannot be contended that when settling for its right of way, the railroad company acquired any exemption from liability for negligence, and the plaintiff's whole claim rests on the charge of negligence. After careful consideration of questions raised by the assignments, our conclusion is that they cannot be sustained.

The judgment is affirmed.