Evans et ux., Appellants, *v.* Allied Discount Co.

Argued June 15, 1962. Before RHODES, P. J., ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ.

*Malcolm H. Waldron, Jr.,* with him *Waldron and Weitzman,* for appellant.

*Marvin I. Block,* with him *Rappeport and Newman,* for appellee.

OPINION BY FLOOD, J., September 13, 1962:

The issue on this appeal is whether or not the court below abused its discretion in entering an order which opened a judgment for want of an answer and consolidated the suit with a prior pending action between the same parties in the same court. The facts and the reasons for entering the order complained of are stated as follows in the opinion of Judge SCHWARTZ for the court below:

"The plaintiffs in this action purchased an automobile which was financed by the defendant, Allied Discount Company. After a default the automobile was repossessed by the defendant and a judgment was entered against the Evans' on a judgment note. Upon petition, this judgment was opened and the Evans' filed a counterclaim. This action is still pending.

"On August 24, 1961, the Evans' filed a complaint in assumpsit setting up substantially the same averments that appear in the counterclaim in the pending action. The complaint avers that at the time of repossession the plaintiffs owed the defendant $2452.96 and the fair market value of the automobile was $2700, thus the plaintiffs are entitled to $247. In addition the complaint seeks recovery of the sum of $853 representing personal property contained in the automobile at the time of repossession.

"On September 14, 1961, the defendant, Allied Discount Company, filed preliminary objections. On October 17, 1961, an order was entered overruling the preliminary objections with leave to file an answer within 20 days and also with leave to file a petition to consolidate this action with the pending action of Allied Discount Company v. Evans.

"On December 14, 1961, judgment was entered for the plaintiffs for failure to file an answer and damages were assessed in the amount of $1180.84. On December 20, 1961, the defendant filed a rule to open the

judgment which avers that after the preliminary objections were dismissed counsel for the plaintiffs forwarded to counsel for the defendant a stipulation to consolidate the two actions; that through inadvertence the presence of the stipulation in the file misled counsel into believing that an answer had been filed; that the default judgment was entered without prior notice to counsel for the defendant.

"Because this petition did not comply with our rule of court requiring a copy of the proposed answer to be attached, an order was entered on January 22, 1962, directing the defendant to file within 20 days an amended petition to open judgment which shall have attached a copy of the proposed answer. On January 29, 1962, an amended petition was filed in accordance with the order of January 22nd.

"Under the circumstances of this case it was obvious to counsel for the plaintiffs that the answer was not filed because of inadvertence of opposing counsel, but without any prior notice he caused default judgment to be entered. Relief will be granted from a judgment entered because of oversight of counsel where a meritorious defense is presented—Borjes v. Wich, 171 Pa. Superior Ct. 505; Horning v. David, 137 Pa. Superior Ct. 252.

"In any event the assessment of damages was improperly entered by the prothonotary in this case. Pa. R. C. P. 1037(b) with respect to assessment of damages in assumpsit cases provides: 'The prothonotary shall assess damages for the amount to which plaintiff is entitled if it is for a sum certain or which can be made certain by computation, but if it is not, the damages shall be assessed at a trial at which the issues shall be limited to the amount of damages.'

"It is true that the sum claimed in the complaint purports to be a sum certain. But wherever the claim is for loss or damages to property and the only basis

for fixing the value is the valuation of the plaintiff it cannot be accepted as a sum certain. The only restraint upon the plaintiff in making his claim is self-restraint. Thus to permit the plaintiff to have a judgment in the sum of $1180.84 based upon his own valuation of the automobile and of the items of personal property alleged to be contained therein may result in an unjust enrichment of considerable proportion."

The principal issue of fact, both in the defendant's prior action to recover a deficiency judgment and in the plaintiffs' present action to recover an alleged overpayment, is the reasonable value of the repossessed automobile on the date it was resold by the defendant. The appellants contend that the court below was bound to accept the valuation of $2700 set forth in their answer to the defendant's amended petition to open the judgment, rather than the resale price of $1800 set forth in the defendants' proposed answer to the complaint, because the defendant ordered the case down for argument on petition and answer without taking depositions. They rely upon Pa. R. C. P. No. 209(b) which provides that all averments of fact responsive to the petition and properly pleaded in the answer to the petition shall be deemed admitted for the purpose of the rule, when the moving party orders the cause for argument on petition and answer without taking depositions.

This argument overlooks the effect of Section 27 of the Motor Vehicle Sales Financing Act of June 28, 1947, P. L. 1110, as amended, 69 PS §627, which gives a buyer the right to have the reasonable value of a repossessed vehicle determined, where, as here, the seller or holder of the financing instrument seeks to recover a deficiency judgment following a resale of the vehicle. *Alliance Discount Corp. v. Shaw*, 195 Pa. Superior Ct. 601, 171 A. 2d 548 (1961). That section specifically provides that, until such determination is made, the re-

sale price shall be prima facie evidence of such reasonable value. In view of this statutory presumption, which stands unrebutted, the court below properly opened the judgment without requiring depositions to be taken.

Order affirmed.