## Curfman v. R & H Restaurants, Inc.

*William H. Kaye,* for plaintiffs.
*Dennis A. Zeger,* for defendant.

KELLER, *J.,* March 26, 1980—This action in trespass was commenced by the filing of a complaint on December 11, 1979, and service of the same upon defendants by a Deputy Sheriff of Franklin County, Pennsylvania on December 11, 1979. Plaintiffs allege an agreement by R & H Restaurants, Inc. with defendant-Barrick for defendant-Barrick to cut and remove trees designated by defendant, R & H Restaurants, Inc., and the cutting and removal of four oak trees located on the lands of plaintiffs which provided a screen, shade and noise baffle for plaintiffs' property. Plaintiffs seek compensatory damages based on a diminution in value of their real estate, plus punitive damages. Defendant, R & H Restaurants, Inc.,

filed preliminary objections in the nature of a motion to strike plaintiffs' paragraphs 12, 13 and 14, which allege their claim for compensatory damages based on diminution of the value of their real estate.

Arguments were heard on the preliminary objections on February 7, 1980, and the matter is now ripe for disposition.

Defendant contends that the claim for diminution in the value of plaintiffs' real estate asserts an improper measure of damages, for they are at best entitled to the value of the trees that were cut on the stump. In support of this position, they cite 22 Am. Jur. 2d, Damages §137: ·

"In cases of injury to property attached to, or forming part of, real estate, the courts recognize two elements of damages—the value after separation from the freehold, if any, of the thing taken, injured, or destroyed, and the damage to the realty, if any, occasioned by the severance. The measure of damages in such cases depends to some extent on the character of the property taken or destroyed. A distinction is often made between (1) property the chief value of which consists in its connection with the soil and its incidental enhancement of the value of the land, and (2) those improvements which may be replaced at will and whose value may readily be determined apart from the ground on which they rest. Thus, if the property destroyed or injured is so closely connected with the real estate on which it stands or to which it is attached that it has no value separate from, and independent of, the real estate, the measure of damages is the difference in value between the real estate before the injury and after it. But if the thing destroyed or injured has a value which can be accurately mea-

sured without reference to the value of the soil on which it stands or out of which it grows, the measure of damages is the value of the property injured, not exceeding the value of the land with the improvements upon it, or the cost of restoring or replacing it, where this can be done at a reasonable cost, or at a cost not disproportionate to the real injury."

To the contrary plaintiffs contend that the measure of damages when the trees cut by a trespasser are ornamental or fruit trees, is the difference in the value of the realty before and after the trespass. In addition to the cases cited plaintiffs cite 22 Am. Jur. 2d, Damages §143:

"There is no fixed rule of damages for injury to or destruction of shade and ornamental trees. This is undoubtedly because these trees are not grown for economic gain; thus, their loss is the hardest to translate into dollars. In each case, the court attempts to compensate the owner for the losses suffered. Generally, courts have measured damages by use of the 'before-and-after' rule—that is, the difference between the market value of the land immediately before and immediately after the injury."

There is no doubt but that plaintiffs have alleged a cutting of shade and ornamental trees serving a specific purpose on their land. We have reviewed the cases cited by the parties. We also find that this precise issue was presented to this court in Rock v. Charles E. Brake Co., Inc., No. 68 August term 1972. We conclude Pennsylvania recognizes that a different measure of damages applies when the trees cut are ornamental or fruit bearing trees as distinguished from a timber crop grown specifically for cutting and sale as timber.

In Rock v. Brake, supra, this court held:

"The defendant urges the Court to find that the standard of damages applicable in cases of this sort has long been well decided in Pennsylvania, and is not the proper subject of further consideration by this Court. In Mahaffey v. New York Central and Hudson River Railroad Co., 229 Pa. 285, 287 (1910), the court quoted with approval: 'The measure of damages when ornamental or fruit bearing trees, or growing timber are cut, is the difference in the value of the realty before and after.' In Ribblett v. Cambria Steel Company, 251 Pa. 253, 259 (1916), the Supreme Court reiterated the rule of Mahaffey. Both of these cases were cited with approval in McSorley v. Avalon Borough School District, 291 Pa. 252, 257 (1927). A similar decision is found in Bullock v. B. & O. Railroad Company, 235 Pa. 417, 418 (1912). The defendant also quotes from Comment d to Section 929 of the Restatement of Torts: 'With reference to many things, however, such as hedges, wells, fruit trees and immature timber trees, it is impracticable to establish the separate value and the owner's loss can only be measured by the diminution in the exchange value of the land or in its value to the owner.'"

We conclude that the measure of damages alleged by plaintiffs is appropriate under the facts pleaded and the preliminary objections must be dismissed.

ORDER

Now, March 26, 1980, defendant's preliminary objections are dismissed.

Exceptions are granted defendant.