J-A17007-18

2018 PA Super 263

| DOUGLAS L. GUNTRUM | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CITICORP TRUST BANK | : | |
| | : | |
| Appellant | : | No. 1500 WDA 2017 |

Appeal from the Judgment Entered September 13, 2017
in the Court of Common Pleas of Clarion County,
Civil Division at No(s):  484 C.D. 2009

BEFORE:  OTT, J., KUNSELMAN, J., and MUSMANNO, J.

OPINION BY MUSMANNO, J.:                    **FILED SEPTEMBER 21, 2018**

Citicorp Trust Bank ("Citicorp") appeals from the default Judgment entered against it and in favor of Douglas L. Guntrum ("Guntrum").  We affirm.

Guntrum commenced this action against Citicorp via a Complaint filed in April 2009.  This Court previously explained that

> [i]n his Complaint, Guntrum alleged that Citicorp did not honor a credit disability insurance policy (hereinafter "the insurance policy").  According to Guntrum, he purchased the insurance policy from Citicorp at the same time he secured a mortgage from Citicorp in January of 2003.  The mortgage, in the amount of $47,478.80, was secured by Guntrum's [former] residence, located in New Bethlehem (hereinafter "the Property").  Guntrum used the mortgage funds to make improvements to the Property.  After the improvements, [according to Guntrum,] the Property was appraised at $115,000.  The insurance policy was meant to provide a temporary waiver of Guntrum's required mortgage payments if he became disabled.  Guntrum alleged in his Complaint that Citicorp did not honor the insurance policy when he became disabled in November of 2005 ….  As a result of Citicorp's refusal to honor the insurance policy, the Property was foreclosed upon, and Guntrum therefore lost all of his equity in the Property.  Citicorp subsequently purchased the Property at a sheriff's sale.  In his Complaint, Guntrum claimed relief for[, *inter alia*,] breach of contract ….

***Guntrum v. Citicorp Tr. Bank***, 159 A.3d 49 (Pa. Super. 2016) (unpublished memorandum at 1-2) (footnote moved to body, brackets and ellipses omitted) (hereinafter referred to as ***Guntrum I***), ***appeal denied***, 169 A.3d 1042 (Pa. 2017).

After Citicorp failed to respond to Guntrum's Complaint and two subsequent 10-day Notices of default judgment, the trial court issued an Order directing the Prothonotary to enter a default judgment against Citicorp. The trial court scheduled a non-jury trial, solely on the issue of damages, for February 5, 2010 (hereinafter "the damages trial").

Importantly to this appeal, neither Citicorp nor its counsel attended the damages trial.[1] Citicorp also did not file any pre-trial documents. At the damages trial, Guntrum testified to the value of the Property and the amount of his damages. There was no additional evidence or expert testimony presented at the damages trial to establish the value of the Property. However, Guntrum testified that an unidentified appraiser had, at some point, assessed the value of the Property at $115,000. ***See*** N.T., 2/5/10, at 8; ***see also id.*** at 5 (wherein Guntrum's counsel represented to the trial court that "Citicorp appraised [the Property] when they foreclosed on it[] … at or about [$115,000]"; however, this appraisal was not disclosed in discovery or made part of the record).

_____

[1] Citicorp was given proper and timely notice of the damages trial. ***See Guntrum I***, 159 A.3d 49 (unpublished memorandum at 4-5).

By an Opinion and Order entered on March 12, 2010, the trial court awarded Guntrum damages in the amount of $125,558, and thoroughly explained its reasons for the amount of the award. In sum, the court credited Guntrum's position that, after he had made substantial improvements to the Property, its value was $115,000,[2] *see* Opinion and Order, 3/12/10, at 3, and concluded that he was entitled to both general and consequential damages. *See id.* at 5-7. Concerning consequential damages, the trial court found that

> [Citicorp's] breach not only caused [Guntrum] to lose all the equity value he had in [the Property, *i.e.*, approximately $70,000], but it also caused him to lose 60 months of rent[-]free occupancy of the [Property] and the possibility of paying the [Property] off in the future. Therefore, [Guntrum] lost the entire value of the [Property], not simply the equity, as a consequence of [Citicorp's] breach of contract.

*Id.* at 7. The trial court also found that, as of the date of the damages trial, Guntrum had incurred approximately $10,500 in rent payments and residential storage fees. *Id.* at 6. However, the trial court declined to award Guntrum requested punitive damages, treble damages, and attorneys' fees, finding that he had failed to present sufficient evidence to support these damages. *See id.* at 7-10.

_____

[2] In this regard, the trial court noted that although Guntrum's original mortgage on the Property was approximately $47,500, he subsequently made "extensive improvements to the home, including an addition that added another bathroom to the home, two additional bathrooms, and a master bedroom. [Guntrum] also installed hardwood flooring in the bathroom, installed new siding, and installed a new roof." Opinion and Order, 3/12/10, at 2-3.

Ten days after the March 12, 2010 Opinion and Order, Citicorp's counsel filed a Petition to Open the default judgment. The trial court granted this Petition on May 21, 2010, and thereafter vacated the default judgment.[3] The trial court eventually entered summary judgment in favor of Citicorp. Following Guntrum's appeal of this ruling in 2015, we held, in **Guntrum I**, that the trial court had abused its discretion in granting Citicorp's Petition to Open and entering summary judgment in its favor. Accordingly, we remanded to the trial court for the re-entry of default judgment in favor of Guntrum in the amount of $125,558, plus interest. **See Guntrum I**, 159 A.3d 49 (unpublished memorandum at 23).

Pursuant to this Court's remand instructions, the trial court Prothonotary entered judgment in favor of Guntrum on September 13, 2017. Two days later, Citicorp filed a "Motion for Post-Trial Relief and/or Remittur" (hereinafter the "Post-Trial Motion"). Therein, Citicorp argued that it was entitled to a new trial on damages because the trial court's damages award was not supported by competent evidence, and was based on speculation. On September 27, 2017, the trial court denied the Post-Trial Motion. Citicorp then timely filed a Notice of Appeal, followed by a court-ordered Pa.R.A.P. 1925(b) Concise Statement of errors complained of on appeal.

Citicorp presents the following issues for our review:

---

[3] In a subsequent Order, the trial court found Citicorp's Post-trial Motion challenging the damages awarded to be moot, due to the court's having vacated the default judgment.

1. Whether the trial court's award of $125,558 in damages to [Guntrum] should be vacated because said award was unsupported by any competent, credible, or admissible evidence, was manifestly excessive under the circumstances, and bore no reasonable relation to the injuries allegedly suffered by [Guntrum?]

2. Whether the trial court abused its discretion in denying [Citicorp's] [] Post-Trial [Motion] … because – in light of the trial court's erroneous ruling awarding damages in the amount of $125,558 to [Guntrum] – [Citicorp] was entitled to a new trial on damages[?]

3. Whether the trial court committed an error of law in ruling that it lacked the ability to modify the damages award pursuant to [Citicorp's] [] Post-Trial [Motion] …[?]

Brief for Appellant at 5. We will address these issues simultaneously, as Citicorp does in its brief.

After trial, and upon the written motion for post-trial relief filed by any party, a trial court may order a new trial as to all or any of the issues. *See* Pa.R.C.P. 227.1(a). When considering a challenge to the denial of a motion for a new trial, we apply the following standard of review:

> We will reverse a trial court's decision to deny a motion for a new trial only if the trial court abused its discretion. We must review the court's alleged mistake and determine whether the court erred and, if so, whether the error resulted in prejudice necessitating a new trial. If the alleged mistake concerned an error of law, we will scrutinize for legal error. Once we determine whether an error occurred, we must then determine whether the trial court abused its discretion in ruling on the request for a new trial. An abuse of discretion exists when the trial court has rendered a judgment that is manifestly unreasonable, arbitrary, or capricious, has failed to apply the law, or was motivated by partiality, prejudice, bias, or ill will.

*Vetter v. Miller*, 157 A.3d 943, 947 (Pa. Super. 2017) (citation omitted).

Rule of Civil Procedure 227.1 further provides, in relevant part, as follows:

> **(b)** Except as otherwise provided by Pa.R.E. 103(a), post-trial relief may not be granted unless the grounds therefor,
>
> > **(1)** if then available, were raised in pre-trial proceedings or by motion, objection, point for charge, request for findings of fact or conclusions of law, offer of proof or other appropriate method at trial; and
>
> > \* \* \*
>
> > **(2)** are specified in the motion. The motion shall state how the grounds were asserted in pre-trial proceedings or at trial. Grounds not specified are deemed waived unless leave is granted upon cause shown to specify additional grounds.
>
> **(c)** Post-trial motions shall be filed within ten days after
>
> > **(1)** verdict, discharge of the jury because of inability to agree, or nonsuit in the case of a jury trial; or
>
> > **(2)** notice of nonsuit or the filing of the decision in the case of a trial without jury.

Pa.R.C.P. 227.1(b), (c).

Citicorp argues that the trial court erred in awarding Guntrum $125,558 in damages, where such award was speculative and unsupported by any competent evidence. **See** Brief for Appellant at 23 (citing, *inter alia*, **Spang & Co. v. U.S. Steel Corp.**, 545 A.2d 861, 866 (Pa. 1988) (stating that "[a]s a general rule, damages are not recoverable if they are too speculative, vague or contingent and are not recoverable for loss beyond an amount that the evidence permits to be established with reasonable certainty."). Specifically, Citicorp complains that Guntrum's mere lay

testimony at the damages hearing, concerning the value of the Property, was insufficient to prove its value, upon which to base a valid damages award. Brief for Appellant at 25 (citing, *inter alia*, **Evans v. Allied Disc. Co.**, 184 A.2d 345, 347 (Pa. Super. 1962) (stating that "to permit the plaintiff to have a judgment … based upon his own valuation … may result in an unjust enrichment of considerable proportion."). According to Citicorp, "[p]roof of the value of real property generally must be rooted in expert testimony." Brief for Appellant at 25. Citicorp contends that, therefore, "[a]s a matter of law, [] a party's self-serving testimony as to an unidentified appraiser's valuation of real property[,] rendered on an unspecified date – without more – is insufficient to support a damages award." **Id.**; **see also id.** at 27 (wherein Citicorp emphasizes that Guntrum's alleged appraiser was never identified or called as a witness, and Guntrum did not present any appraisal report or expert testimony to establish the value of the Property).

Additionally, Citicorp argues that Guntrum's testimony at the damages hearing as to the value of the Property violated the Pennsylvania Rules of Evidence for several reasons, including (1) Guntrum's testimony was inadmissible hearsay, **see** Pa.R.E. 802; (2) Guntrum was not qualified as an expert, **see** Pa.R.E. 702; and (3) there was no foundation laid for Guntrum to testify as a lay witness, **see** Pa.R.E. 602, since he "never testified as to any personal knowledge regarding the value of the Property." **See** Brief for Appellant at 29-32.

Finally, Citicorp asserts that

- 7 -

the trial court's consequential damages award, rooted in the unsupported assumptions that Guntrum would have qualified for the full 60 months of waived mortgage payments[,] and then would have been able to pay off the remainder of the loan, was based on nothing more than speculation and conjecture[, and] is insufficient to support an award of damages.

*Id.* at 38 (some capitalization omitted); *see also id.* at 33 (asserting that the trial court erred in ruling that Citicorp's breach caused Guntrum to lose the "entire value" of the Property, *i.e.*, $115,000, instead of just his equity).

Initially, we acknowledge that Citicorp correctly points out that "[w]hile Rule 227.1(b) generally provides that arguments are waived if not raised pre-trial[,] and again in a motion for post-trial relief, this rule does not apply to challenges to the weight of the evidence[.]"  Reply Brief for Appellant at 4 (citing **Criswell v. King**, 834 A.2d 505, 513 (Pa. 2003) (stating that challenges to the weight of the evidence are not barred by Rule 227.1(b) because such claims "ripen[] only at the post-verdict stage")).  Thus, Citicorp's challenge to the weight of the evidence supporting the non-jury verdict is preserved.[4]

_____

[4] Though Guntrum argues that Citicorp's Post-Trial Motion, filed over seven years after the trial court's March 2010 original entry of judgment in favor of Guntrum, is untimely under Rule 227.1(c), **see** Brief for Appellee at 3-4, we will address the merits of Citicorp's weight argument.  **See** Reply Brief for Appellant at 6 (stating that "the original entry of judgment in favor of Guntrum[, *i.e.*, in] March [] 2010[,] was 'vacated and rescinded on May 20, 2010 – after [Citicorp's] original post-trial [M]otion was timely submitted on March 19, 2010 – and [] judgment was not finally entered until September 13, 2017." (emphasis and citation omitted)).

To the extent that Citicorp raises claims aside from a weight challenge (including a challenge to the competency of the evidence adduced at the damages trial), the trial court correctly addressed this matter as follows:

> Citicorp did not appear at the [damages] trial, even though it received proper and timely notice of the proceedings. Therefore, Citicorp is precluded from raising grounds for a new trial that could have been raised at trial, but were not. Citicorp cannot maintain a claim that this court erred in admitting hearsay evidence[,] as [Citicorp] was not present at trial to object on the record. It did not raise an objection via pretrial motion. Therefore, Citicorp is not entitled to a new trial on this basis.

Trial Court Opinion, 9/27/17, at 4. We agree with the trial court's determination and therefore affirm on this basis as to these claims. **See id.**; **see also** Pa.R.Crim.P. 227.1(b)(1), *Note* (providing that "[i]f no objection is made, error which could have been corrected in pre-trial proceedings or during trial by timely objection may not constitute a ground for post-trial relief."); **accord Dilliplaine v. Lehigh Valley Tr. Co.**, 322 A.2d 114, 117 (Pa. 1974) (stating that the general requirement that a specific objection must be placed on the record in order to preserve a challenge for appellate review "remove[s] the advantage formerly enjoyed by the unprepared trial lawyer who looked to the appellate court to compensate for his trial omissions.").

Concerning Citicorp's weight challenge, it is well established that, generally, an "owner is competent to testify to the value of his property … since he has at least a general knowledge of what he owns." **Sgarlat Estate v. Commonwealth**, 158 A.2d 541, 545 (Pa. 1960); **see also Glanski v. Ervine**, 409 A.2d 425, 431 (Pa. Super. 1979); **Silver v. TV City. Inc.**, 215

A.2d 335 (Pa. Super. 1965). In **Richards v. Sun Pipe Line Co.**, 636 A.2d 1162 (Pa. Super. 1994), this Court rejected a challenge to the legal competency of lay testimony from landowners concerning the value of their real property:

> [W]e find [the landowners'] testimony concerning the value of their property was competent. The fact that they were not "experts" in the field of real estate valuation did not render their testimony incompetent. "The real owner is deemed qualified, by reason of his relation as owner, to give estimates of the value of what he owns *regardless of his knowledge of property values*, and the weight of such evidence is for the [fact-finder]." **Pavloff v. Clairton**, 146 Pa.Super. 158, 159, 22 A.2d 74, 75 (1941) (emphasis added).

**Richards**, 636 A.2d at 1165.

Here, Guntrum was likewise competent to give an estimate of the value of the Property. **See id.** Moreover, it was solely within the province of the trial court to assess the credibility of Guntrum's testimony and the weight to give it. **See Mackay v. Mackay**, 984 A.2d 529, 533 (Pa. Super. 2009) (stating that "[w]hen the trial court sits as fact[-]finder, the weight to be assigned the testimony of the witnesses is within its exclusive province, as are credibility determinations, and the court is free to choose to believe all, part, or none of the evidence presented." (citation and brackets omitted)). We decline Citicorp's invitation to assume the role of the fact-finder and to reweigh the evidence on appeal. **See id.** (emphasizing that "[t]his Court is not free to usurp the trial court's duty as the finder of fact." (citation and brackets omitted)). Thus, upon our review of the record and Citicorp's arguments, we

- 10 -

conclude that the trial court did not abuse its discretion in denying Citicorp's weight of the evidence contention.

Finally, we cannot agree with Citicorp's claim that the trial court's award of consequential damages was improper as being speculative, particularly where Citicorp did not appear at the damages trial to contest these damages. We discern no reversible error in the trial court's determination that "[Citicorp's] breach not only caused [Guntrum] to lose all the equity value he had in [the Property], but it also caused him to lose 60 months of rent[-]free occupancy of the [Property] and the possibility of paying the [Property] off in the future. Therefore, [Guntrum] lost the entire value of the [Property] …." Opinion and Order, 3/12/10, at 7.

Judgment affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 9/21/2018