## Norris *v.* Philadelphia, Appellant.

*Negligence—Municipalities—Independent contractor—Injury to ornamental trees—Damages.*

1. In an action against a city to recover damages for injuries to real estate, the city cannot allege as a defense that the injuries were due to the acts of an independent municipal contractor while engaged in laying a water main on the street in front of plaintiff's property, where it appears that the contract provided that the contractor should place the material excavated where the chief of the bureau of water should direct, and that in compliance with the direction of the chief he had placed the material on plaintiff's lawn with the result of destroying shrubbery and valuable ornamental trees.

2. In such a case the measure of damages is the difference between the market value of plaintiff's property before and after the injury.

Argued Dec. 14, 1911. Appeal, No. 129, Oct. T., 1910, by defendant, from judgment of C. P. No. 5, Phila. Co., March T., 1903, No. 2,850, on verdict for plaintiff in case of Elizabeth B. Norris v. Philadelphia. Before Rice, P. J., Henderson, Morrison, Orlady, Head, Beaver and Porter, JJ. Affirmed.

Trespass to recover damages for injuries to real estate.

The facts are stated in the opinion of the Superior Court.

Verdict and judgment for plaintiff for $1,200. Defendant appealed.

*Errors assigned* were (1) in refusing binding instructions for defendant and (3) rulings as to the measure of damages.

*James J. Breen,* with him *Joseph A. Dolan,* assistant city solicitor, and *Michael J. Ryan,* city solicitor, for appellant.—The city is not liable for any injury caused to appellee's property in the performance by the contractor of his contract: Eby v. Lebanon County, 166 Pa. 632; Thomas v. Railway Co., 191 Pa. 361; Beckman v. Railway Co., 219 Pa. 26.

When an injury is done by a party exercising an independent employment, the party employing him is not responsible to the person injured: Painter v. Pittsburg, 46 Pa. 213; Erie v. Caulkins, 85 Pa. 247; Edmundson v. R. R. Co., 111 Pa. 316; Wray v. Evans, 80 Pa. 102; Harrison v. Collins, 86 Pa. 153; Chartiers Valley Gas Co. v. Lynch, 118 Pa. 362; Reed v. Allegheny, 79 Pa. 300; Susquehanna Depot Boro. v. Simmons, 112 Pa. 384; Lancaster Ave. Improvement Co. v. Rhoads, 116 Pa. 377; Allen v. Willard, 57 Pa. 374; Connor v. Penna. R. R. Co., 24 Pa. Superior Ct. 241; Thomas v. Ry. Co., 191 Pa. 361.

By the terms of the agreement filed in this case, plaintiff desires this to be treated as if on appeal from a jury of view. If this be his position, how can plaintiff maintain or show that any entry was made upon her land as thus contemplated. The property must be that which is in-

vaded in the exercise of the right of eminent ·domain, or
that which abuts upon a highway that is invaded: Penna.
R. R. Co. v. Lippincott, 116 Pa. 472; Penna. R. R. Co. v.
Marchant, 119 Pa. 541; Ogontz Ave., 225 Pa. 126; Stork
v. Philadelphia, 195 Pa. 101.

*John C. Bell,* with him *Paxson Deeter* and *G. Heide
Norris,* for appellee.—The city of Philadelphia is liable for
the injury: Foehr v. New York Short Line Railroad Co.,
40 Pa. Superior Ct. 7; Reynolds v. Braithwaite, 131 Pa.
416; First Presbyterian Congregation v. Smith, 163 Pa. 561.

The learned court below admitted evidence as to the
value of the property of plaintiff before the acts complained
of and the value of the property after the acts complained
of, the measure of damages being made the difference in
value.    Under the authorities this is the correct measure:
Marshall v. Tel. & Tel. Co., 16 Pa. Superior Ct. 615; Rabe
v. Shoenberger Coal Co., 213 Pa. 252; Rowe v. Chicago
& N. W. Ry. Co., 102 Ia. 286 (71 N. W. Repr. 409);
Louisville, Evansville & St. Louis Consolidated R. R. v.
Spencer, 149 Ill. 97 (36 N. E. Repr. 91); Haskell v. North-
ern, etc., R. R. Co., 74 Hun, 380; Edsall v. Howell, 86
Hun, 424; Evans v. Keystone Gas Co., 148 N. Y. 112 (42
N. E. Repr. 513).

OPINION BY PORTER, J., March 1, 1912:

The city of Philadelphia, in 1901, by ordinance duly
approved, authorized the proper municipal officers to lay
a large water main, as a part of the system for the intro-
duction of filtered water, in Rex avenue, upon which plain-
tiff's property abutted for a distance of about 200 feet.
The municipal authorities entered into an agreement with
a contractor to do the work authorized by the ordinance.
The execution of the work involved the cutting of a very
large and deep trench in front of plaintiff's property and
the municipal officers located the line of that trench near
the sidewalk on plaintiff's side of the street.    During the
progress of the work the earth excavated from the trench
was all thrown upon the side thereof next plaintiff's prop-

erty and covered not only the sidewalk in front of plaintiff's property but a large part of the lawn in front of her house, and her fence, the grass sod upon her lawn, her shrubbery and vines and a number of trees which ornamented her lawn were destroyed. She brought this action of trespass against the city to recover damages for the injuries thus caused and recovered a verdict and judgment in the court below, from which the city appeals.

The first specification of error is based upon the refusal of a point submitted by the defendant, requesting the court to charge that: "Under all the evidence in the case the verdict must be for the defendant." The second specification raises the same question, assigning for error the refusal of the court to enter judgment in favor of the defendant non obstante veredicto. This action was brought on April 18, 1903, and on May 16 following the attorney for the plaintiff and the city solicitor joined in this agreement in writing: "It is agreed between the parties that this case shall be considered as if arising on an appeal from an award of viewers, or at the election of the plaintiff, as an ordinary action of trespass." The case was not tried until April 13, 1910, long after the statute of limitations would have been an effectual bar to any new action, in case the plaintiff failed in the present one. The written agreement of the city solicitor, above quoted, must be held as a conclusive waiver of any question as to the form of the proceeding. The learned counsel representing the city argues that the contractor who did the work and placed the materials upon plaintiff's land had no right, under his contract, to do this and that he and not the city should be held liable. The contract contained the following provisions: "Placing materials of excavation. . . . All materials excavated shall be placed where directed by the Chief of the Bureau of Water, and foot-ways shall be kept clear for a width of four feet next to the house line, for which purpose boards shall be set where needed to hold the banks . . . . unless special permission to the contrary be granted by the Director of the Department of Public Works. The con-

tractor shall not sell, remove or permit to be removed from
the line of the work any sand, gravel, earth, stone, or any
other material excavated from the pipe trenches, which
may be suitable and required for re-filling, re-paving or
macadamizing the streets, or for any purpose in connec-
tion with the work herein contemplated by the Bureau of
Water, except by the written consent of the Director of
the Department of Public Works. No materials exca-
vated on the line of the work shall be used to re-fill the
trench at any other place (except as herein provided), nor
shall any material for re-filling the trench, in place of that
excavated therefrom, be brought from places not on the
line of the work, except by permission of the Director of
the Department of Public Works." With these provisions
in the contract it is idle to assert that the city did not re-
tain the absolute control, through its officers, of the dis-
position of the material taken from the trench and the
return of that material to the trench, for the purpose of
refilling, after the water main had been laid. If the con-
tractor had disregarded the instructions of the city officers
and, in violation of their instructions, deposited it upon
the property of some individual, the city would not have
been liable for injuries resulting from that unauthorized
act, but the plaintiff produced evidence which would have
warranted a finding that the contractor heaped the dirt
upon plaintiff's sidewalks and lawn in accordance with the
express direction of the chief of the bureau of water, and
that all that was done was under the direction of the proper
city officials. If this testimony was true, the contractor
only did with the material what his contract with the city
required him to do, deposited in the place directed by the
chief of the bureau of water, and the city was liable for
any injury to property which resulted from the act: Foehr
v. N. Y. Short Line R. R. Co., 40 Pa. Superior Ct. 7;
Reynolds v. Braithwaite, 131 Pa. 416; First Presbyterian
Congregation v. Smith, 163 Pa. 561. This case was for
the jury and the first and second specifications of error
are dismissed.

The remaining specification of error goes to the admission of evidence as to the effect of the injury upon the market value of the property. The injury to the fences and possibly that to the sod which beautified plaintiff's lawn was of a character which might be repaired and the measure of damages would be the cost of such repair, but these were not the only injuries to the property indicated by the evidence in this case. Not only was the shrubbery, which it might take many years to renew, completely destroyed, but the trees which ornamented the grounds were destroyed, or seriously injured. Whether a tree is to be treated as a mere commodity, the value of which may be definitely estimated, or is to be considered as giving a value to the land upon which it grows, apart from its mere commercial value as a tree, or wood, depends entirely upon circumstances. The value of a white pine tree standing in a tract of timber land, intended for use only as timber land, may be accurately determined by one skilled in the business, and the measure of damages for the destruction of such a tree is the value of the tree. When a fine tree beautifies the grounds surrounding the residence of its owner, it has a value which cannot be determined from a mere calculation of the amount of cord wood or lumber which it would produce if cut down. The value of such a tree is because of its relation to the property with which it is connected and which it ornaments. The destruction of such a tree may be a permanent injury to the property, and when all of such trees upon a lawn are either destroyed or seriously damaged, the effect may be to permanently impair the value of the property. This being the case the court below committed no error in admitting the evidence as to the effect of the destruction of the trees upon the market value of the property: Marshall v. American Telegraph & Telephone Co., 16 Pa. Superior Ct. 615; McClelland v. Schwerd, 32 Pa. Superior Ct. 313; Rabe v. Shoenberger Coal Co., 213 Pa. 252.

The judgment is affirmed.