## Bell et al., Appellants, *v.* Shetrom.

Submitted March 20, 1969.   Before WRIGHT, P. J.,
WATKINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING,
and CERCONE, JJ.

*Anthony S. Guido,* and *Bell, Silberblatt & Swoope,* and *Gleason, Cherry & Guido,* for appellants.

No argument was made nor brief submitted for appellee.

OPINION BY JACOBS, J., June 12, 1969:

On November 20, 1962, a tractor-trailer owned by appellee and driven by his employee ran off the highway and destroyed fourteen evergreen trees growing on appellants' land. In their complaint filed September 24, 1963, the appellants alleged the fault of appellee and claimed damages for fourteen trees at $40 for each tree plus $50 for removal of bricks which were scattered over the area, or a total of $610. The appellee entered an appearance and admitted his liability for the damage involved.

The case was subsequently submitted to compulsory arbitration under the Act of June 16, 1836, P. L. 715, as amended, 5 P.S. §30 et seq., and the Rules of the Court of Common Pleas of Clearfield County. After a hearing, the arbitrators awarded $700 to the appellants. On September 27, 1964, the appellee appealed from the award. The appellants then moved to amend their complaint in regard to damages by showing the before and after value of the land on which the trees were located and increasing the ad damnum clause to $1500. They alleged that the statute of limitations had not run and that the appellee would not be prejudiced. A rule to show cause why the amendment should not be made was granted by the court on January 16, 1967.

On May 31, 1968, the court below refused the amendment and reversed the arbitrators' award on the ground that there was no authority to permit the amendment since it "injected into the case a claim distinct from that upon which trial was had." The court held that since the amendment was not allowed the appellant had not pleaded or proved a proper measure of damages, and therefore could not recover. This appeal is from the order of May 31, 1968, which seems to rather effectively put appellants out of court.

We have grave doubts that damage to trees can be ascertained only by showing the before and after value of the land on which the trees were growing. In *Ribblett v. Cambria Steel Co.*, 251 Pa. 253, 96 A. 649 (1916), cited by the court below in support of its holding, the Supreme Court stated that there may be instances when the evidence shows the trees in question to have a selling value separate and apart from the land. Further, "[w]hether a tree is to be treated as a mere commodity, the value of which may be definitely estimated, or is to be considered as giving a value to the land upon which it grows . . . depends entirely upon circumstances." *Norris v. Philadelphia*, 49 Pa. Superior Ct. 641, 646 (1912). Whatever approach is most appropriate to compensate for the harm should be used, including perhaps the intrinsic value of the trees to the then existing use of the land or the cost of replacement or restoration. Even if the before and after value of the land is an appropriate measure of damages, evidence of the value of the trees themselves would be competent as indicative of the diminution in the value of the land. See generally Annot., 69 A.L.R. 2d 1335, §§15, 16 (1960), and cases there cited. When the court below refused the amendment, the appellants would still have had the right to show such unique value of the trees if the same existed. An appeal from

compulsory arbitration is tried de novo before the court and jury and plaintiffs are free to present such evidence as they may have whether it was presented before the arbitrators or not. Act of June 16, 1836, P. L. 715, §27, as amended, 5 P.S. §71; *Lanigan v. Lewis*, 210 Pa. Superior Ct. 273, 232 A. 2d 50 (1967). For this reason appellants should not have been put out of court. Since appellants prefer another measure of damages, however, we will address ourselves to their efforts to amend their complaint to show the before and after value of the land.

We cannot understand the court's unwillingness to permit the requested amendment. Even if a new cause of action was introduced, and we do not think one was,[1] the six-year statute of limitations had not run and such amendments are freely authorized by Pa. R. C. P. No. 1033. See Goodrich-Amram Civil Proc.

---

[1] The cause of action here was the appellee's fault or negligence in destroying appellants' trees. The requested amendment made no change whatsoever in the cause of action, but was addressed solely to damages. It has been held many times that amendment of the damage clause does not introduce a new cause of action. As was said in *Schwab v. Oesterling & Son, Inc.*, 386 Pa. 388, 393, 126 A. 2d 418, 420-21 (1956) : "Nor is a cause of action either retracted or lost because of the limited extent of the damages for which recovery is sought in the first instance. By like token an amendment enlarging the *ad damnum* clause, as originally set forth in a complaint, is not subject to the limitation prescribed for the cause of action. The differentiation was well expressed by Judge HIRT in Wessling v. Latkanich, 144 Pa. Superior Ct. 317, 319, 19 A. 2d 553, as follows: 'Of course, after the statute of limitations has run, a plaintiff may not introduce a new cause of action . . . but he may amend by the introduction of an additional element or an added claim of damage arising from the same circumstances . . . or may amplify what has already been averred . . . so long as the same negligence is charged as that set out in the original statement. . . . This is settled law as indicated by many authorities,' " (citations omitted) (emphasis original).

Rules Service, §1033-4.1, Commentary (1967). No prejudice to the appellee was evident. He could answer or otherwise attack the amended complaint. Certainly the court could grant him a continuance if he were not prepared to go to trial. The appellant could have abandoned his action and started a new action, but requiring him to do that and further delaying the case seems unjustified, particularly since the appellee took the appeal from the arbitrators' award.

*Schaffer v. Larzelere*, 410 Pa. 402, 406, 189 A. 2d 267, 270 (1963), sets forth the principles applicable when considering the lower court's action on requested amendment. "It is the general rule that the amendment of pleadings is a matter within the wise and judicial discretion of the court below. In the absence of plain error, its action will not be reversed: Trabue v. Walsh, 318 Pa. 391, 177 A. 815 (1935). However, the right to amend should be liberally granted at any stage of the proceedings unless there is an error of law or resulting prejudice to an adverse party: Arzinger v. Baughman, 348 Pa. 84, 34 A. 2d 64 (1943); Esso Standard Oil Co. v. Taylor, 399 Pa. 324, 159 A. 2d 692 (1960). The Pennsylvania Rules of Civil Procedure have embodied the modern philosophy of jurisprudence and court procedure and allow amendments with great liberality to the end that justice by all parties may be achieved: See, Pa. R. C. P. 1033; 20 U. Pitt. Law Rev. 553 (1958); 2 Anderson, Pa. Civ. Pract., p. 535; Cucinotti v. Ortmann, 399 Pa. 26, 159 A. 2d 216 (1960)."

On the record before us we are unable to find that the appellee would have been prejudiced by the amendment.[2] No legal impediment to the amendment existed and in the spirit of the rule it should have been granted.

---

[2] The appellee has neither argued before us nor filed a brief.

Under the circumstances of this case there is an additional principle of law which compels reversal. The court below, in reversing the award of the arbitrators, summarily disposed of the case. Its action was in effect the grant of a summary judgment for the appellee. Summary judgment should not be granted, however, when a party can amend within the limitation period to meet the objection. *Jefferies v. Hoffman*, 417 Pa. 1, 207 A. 2d 774 (1965); *Quaker City v. Delhi-Warnock*, 357 Pa. 307, 53 A. 2d 597 (1947); *Leonard Seed Co. v. Burgerhoff Co.*, 85 Pa. Superior Ct. 381 (1925). Here no legal bar to the amendment existed, and the court erred in entering judgment on the ground that appellants' measure of damages would not support recovery when appellants had offered to and could legally amend to a measure of damages acceptable to the court.

Order reversed and the court below is directed to enter an order allowing the amendment.