378 A.2d 344

**A. C. GREGG, Individually and t/a Gregg Motor Company, Appellant,**

v.

**GACON CONSTRUCTION COMPANY.**

Superior Court of Pennsylvania.

Argued April 14, 1977.

Decided Oct. 6, 1977.

James F. Israel, Pittsburgh, with him C. Joseph Recht, Pittsburgh, for appellant.

Edward P. Zemprelli, Clairton, for appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE and SPAETH, JJ.

JACOBS, Judge:

This appeal arises from the order of the court below denying appellant leave to amend its complaint and from the court's judgment for appellee. The issue for our determination is whether the lower court abused its discretion when it refused appellant permission to amend its complaint in assumpsit, despite the fact that the statute of limitations had not run. For the reasons set forth below, we hold that the court abused its discretion in denying leave to amend, and therefore reverse the order and vacate the judgment entered for appellee.

On November 12, 1974, appellant filed a form complaint in assumpsit claiming $3,000.00 damages from appellee under an oral lease of property owned by appellant. Appellee denied the existence of an oral or written lease, and on March 3, 1975, a Board of Arbitrators found in favor of appellee. Appellant thereupon filed a timely notice of appeal from the arbitration award, and the case was listed for de novo review in Common Pleas Court.

On August 4, 1975, prior to trial in common pleas, appellant petitioned the court below to amend its complaint to

claim $3,000.00 for the fair and reasonable value of use of the property. Judge DOYLE entered an order denying leave to amend and the court en banc dismissed appellant's exceptions to this order.

The case proceeded to trial on January 29, 1976, at which time appellant renewed its petition to amend the complaint to alternatively plead a count in quantum meruit. The court again denied leave to amend, stating that it lacked authority to overrule the prior denial by another judge of the same court, and that amendment immediately before trial would unduly surprise and prejudice appellee. Judge WEKSEL-MAN entered judgment for appellee at the conclusion of proceedings, and the court en banc subsequently dismissed appellant's exceptions to the non-jury adjudication. A timely notice of appeal was filed in this court on July 13, 1976.

Rule 1033 of the Pennsylvania Rules of Civil Procedure provides:

"A party, either by filed consent of the adverse party or by leave of court, may at any time change the form of action, correct the name of a party or amend his pleading. The amended pleading may aver transactions or occurrences which have happened before or after the filing of the original pleading, even though they give rise to a new cause of action or defense. An amendment may be made to conform the pleading to the evidence offered or admitted."

The courts of this Commonwealth have consistently held that the right to amend pleadings should be granted with liberality to secure determination of cases on their merits whenever possible. *Saracina v. Cotoia*, 417 Pa. 80, 83, 208 A.2d 764 (1965). Although a new cause of action was introduced in this case by appellant's attempted amendment, the statute of limitations had not run on the quantum meruit claim, and appellee was in no way prejudiced by the new cause of action. The lower court's reasoning that appellee would have been unprepared to defend against this claim is unpersuasive in two respects. First, appellant ini-

tially moved for leave to amend nearly six months before trial, giving appellee sufficient time to prepare a defense. Second, if the adverse party is unprepared to meet new allegations in the amended pleading, the more prudent course is to allow a continuance rather than to deny the amendment. *See* 3 Goodrich-Amram, Standard Pennsylvania Practice § 47, p. 731 (1952).

In *Bell v. Shetrom*, 214 Pa.Super. 309, 257 A.2d 323 (1969), plaintiffs filed a complaint alleging that defendant's employee negligently drove a truck off the highway and destroyed fourteen trees growing on plaintiffs' land. The case was submitted to a Board of Arbitrators, who awarded plaintiffs $700.00. After appeal from the award, plaintiffs moved to amend their complaint to allege $1,500.00 damages. The amendment was refused and the award reversed in the trial court. On appeal, we held that the court should have permitted the amendment in the absence of any demonstrable prejudice to defendant or other reason not to comply with the spirit of Rule 1033, and said:

> "No prejudice to the appellee was evident. He could answer or otherwise attack the amended complaint. Certainly the court could grant him a continuance if he were not prepared to go to trial. The appellant could have abandoned his action and started a new action, but requiring him to do that and further delaying the case seems unjustified . . . " 214 Pa.Super. at 314, 257 A.2d at 325.

*See also Cellutron Products Corp. v. Stewart*, 223 Pa.Super. 391, 392–93, 300 A.2d 900 (1972) (amending counterclaim after appeal from arbitration).

We find the reasoning of these cases persuasive in the appeal before us, and therefore, we reverse the judgment of the court below and direct that an order be entered allowing the amendment.

PRICE, J., dissents.

VAN der VOORT, J., did not participate in the consideration or decision of this case.