## Manuella v. Sorgenfrei

*Wilfred F. Lorry,* for plaintiff.
*William A. Slotter,* for defendant.

IVINS, *J.,* March 2, 1981—

## FACTS

On November 20, 1975 one of the above named plaintiffs, William Manuella, an employe of L & R Construction Company, a sub-contractor, was injured during the construction of Interstate 95, a Pennsylvania Highway. The general contractor was J. R. Steers, the said plaintiff's statutory employer, who was awarded a contract to build certain portions of the said highway by the Commonwealth of Pennsylvania, Department of Transportation (hereinafter referred to as the Commonwealth).

Plaintiffs filed a complaint in trespass against the Commonwealth and others on November 16, 1977, wherein plaintiffs made the following allegation in Paragraph #8.

"Prior to November 20, 1975, defendant, Commonwealth of Pennsylvania, Department of Trans-

portation owned, possessed, maintained and controlled Interstate 95, a highway in the city and county of Philadelphia, and its numerous, related support columns."

Thereafter, on December 23, 1977, the Commonwealth filed an answer and new matter to plaintiffs' complaint. The answer generally denied the averments of Paragraph 8 stating: "7-19. Denied. Paragraphs 7 through 19 inclusive of Plaintiffs' Complaint are denied."

The new matter raised the defense of sovereign immunity. The Commonwealth then filed a motion for judgment on the pleadings, which was originally granted by the Commonwealth Court on May 18, 1978. The matter was reargued on March 22, 1979 and on September 19, 1979 the Commonwealth Court reversed its previous order and remanded the instant case to the Court of Common Pleas of Philadelphia County* citing the Judicial Code 42 Pa.C.S.A. §5110(a)(3) , (4) as well as other sections of said Judicial Code.

---

*Apparently, under the authority of the case of Mayle v. Pa. Department of Highways, 479 Pa. 384, 388 A. 2d 709 (1978), which held, inter alia, at p. 406, 388 A. 2d at p. 709:

"Stare decisis should not be invoked to preserve a rule of law when [there is] no better reason for [it] than [that] it was laid down in the time of Henry IV. It is . . . revolting if the grounds upon which it was laid down have vanished long since, and the rule persists from blind imitation of the past.' Were we to continue to adhere to the doctrine of sovereign immunity in light of its manifest unfairness and of our current knowledge that the doctrine is non-constitutional, we would be blindly imitating the past, for no reason better than that this was the way justice was administered in the feudal courts of Henry III.

"We therefore abolish the doctrine of sovereign immunity and overrule all inconsistent cases.

"Reversed and remanded for proceedings consistent with this opinion." (Footnote omitted.)

On June 4, 1980, approximately nine months after the matter was remanded and about two and one-half years after the Commonwealth's original answer was filed, the Commonwealth filed the instant petition to amend answer and new matter, which is now before the court.

In its petition, the Commonwealth sought to amend certain portions of the original answer and new matter (filed December 27, 1977).

Counsel for plaintiffs and the Commonwealth entered into a stipulation on or about December 5, 1980 which provided:

"It is hereby stipulated by and between Lorry and Hymowitz, P.C., Attorneys for Plaintiffs, William Manuella and Barbara Manuella; and William A. Slotter, Esquire, Attorney for Defendant, Commonwealth of Pennsylvania, Department of Transportation that:

(1) Defendant agrees to withdraw its requested amendments to its New Matter, paragraphs #20, #21 and #22, since these paragraphs raise defenses under Act of September 28, 1978, Act 142. Plaintiffs' cause of action accrued on November 20, 1975 and the application of said defenses are controlled by the case of Gibson v. Com., 490 Pa. 156, 415 A. 2d 80 (1980).

(2) Plaintiffs agree to allow all other requested amendments to the Answer and New Matter, with the exception of paragraph #8 of the proposed Amended Answer.

WHEREFORE, Plaintiffs and Defendant, Penn-DOT, request this Honorable Court to decide the objections raised by Plaintiffs' Answer to Defendant's Petition for Leave to Amend Its Answer and New Matter, applicable to paragraph #8 only."

The proposed amended answer is as follows:

"Denied, although the situs of Interstate 95 was

owned, as a right-of-way by the Commonwealth, the actual care, custody, control, possession, and duty of maintenance of the situs of the accident alleged was the responsibility of the defendant J. Rich Steers, or one of the other parties' defendant."

This matter was reviewed by this court, and an order dated October 27, 1980 was issued providing as follows:

"AND NOW, this 27th day of October, 1980, after a review of the pleadings, the Court has determined that a disputed issue of fact exists, namely whether the Plaintiffs will be prejudiced if the Court grants the application for an Order Granting Leave to File an Amended Answer and New Matter, duly filed by the Defendant, Commonwealth of Pennsylvania.

Therefore, it is hereby Ordered and Decreed that pursuant to Pennsylvania Rule of Civil Procedure No. 209 and Philadelphia Court Rule No. 140(D), the Defendant, Commonwealth of Pennsylvania, Department of Transportation, after due and proper notice to the Plaintiffs, as well as all other interested parties, is to proceed to take depositions within ten (10) days from the date of this Order and return the transcription of same within thirty (30) days of this Order to Room 518 City Hall.

It is further Ordered and Decreed that if the foregoing Order is not complied with, the Court will rule upon the Motion, in which event all averments of fact in Plaintiffs' Answer to Defendant's Application shall be deemed admitted. (See Pennsylvania Rule of Civil Procedure No. 209(b).)"

Pursuant thereto depositions were taken on October 27, 1980 and the matter was scheduled for oral argument which was heard on December 16, 1980.

Thereafter, on December 24, 1980 the court issued the following order

"AND NOW, this 24th day of December, 1980, after oral argument and consideration of briefs filed by the parties hereto (concerning Petition to Amend Answer and New Matter filed by the Defendant), it is hereby Ordered and Decreed that the said Petition to Amend Answer and New Matter is denied."

It is from this order that defendant, Commonwealth of Pennsylvania, Department of Transportation, has taken the instant appeal.

## DISCUSSION

1. The first issue before the court is the legal effect of the Commonwealth's general denial in the answer to plaintiffs' complaint, as above set forth.

Under the provisions of Pa.R.C.P. 1029 we find:

"(a) A responsive pleading shall admit or deny the averments of fact in the preceding pleading or part thereof to which it is responsive. Admissions and denials in a responsive pleading shall refer specifically to the paragraph in which the averment admitted or denied is set forth.

(b) Averments in a pleading to which a responsive pleading is required are admitted when not denied specifically or by necessary implication. *A general denial or a demand for proof, except as provided by subdivision (c) of this rule, shall have the effect of* an admission.

(c) An averment shall be deemed to be denied if proof thereof is demanded and the pleader states either (1) that after reasonable investigation he is without knowledge or information sufficient to form a belief as to the truth of the averment, or (2) that he is without such knowledge or information because the means of proof are within the ex-

clusive control of an adverse party or hostile person. The pleader shall not be required to state what investigation he has made or to rely upon information received from an adverse party or hostile person.

(d) Averments in a pleading to which no responsive pleading is required shall be deemed to be denied." (Emphasis supplied.)

Further, a review of the provisions of Pa.R.C.P. 1045(a) discloses:

"(a) A party who fails to file a responsive pleading shall be deemed to admit all averments relating to the identity of the person by whom a material act was committed, the agency or employment of such person or the ownership, possession or control of the property or instrumentality involved. All other averments shall be deemed to be denied."

Accordingly, the court finds that the Commonwealth's answer of December 23, 1977 is an admission of ownership, possession and control of Interstate 95 in the County of Philadelphia (the accident site).

2. The next problem before the court is the right of the Commonwealth to amend its original pleading.

The rule governing the amendment of pleadings is set forth in Pa.R.C.P. 1033, which provides:

"A party, either by filed consent of the adverse party or by leave of court, may at any time change the form of action, correct the name of a party or amend his pleading. The amended pleading may aver transactions or occurrences which have happened before or after the filing of the original pleading, even though they give rise to a new cause of action or defense. An amendment may be made to

conform the pleading to the evidence offered or admitted."

Although Pa.R.C.P. 1033 is to be liberally construed, there is no absolute right to amend. The court in Jenks v. East End Fire Department, 262 Pa. Superior Ct. 473, 490, 396 A. 2d 1269, 1277 (1978), stated that:

"As a general rule, a plaintiff, with the consent of the adverse party or by leave of court, may amend his or her complaint, Pa.R.C.P. 1033. Although the right to amend is to be construed liberally, it is not absolute . . . The decision to grant or deny permission to amend is within the discretion of the trial court and we will reverse that decision only upon a showing of a clear abuse of discretion. Geiman v. Board of Assessment and Revision, 412 Pa. 608, 614, 195 A. 2d 352, 355-56 (1963)."

The court in Posternack v. American Casualty Co. of Reading 421 Pa. 21, 24, 218 A. 2d 350 (1966), stated the rule as follows:

"It has long been the law in this Commonwealth that an amendment to the pleadings is a matter of judicial discretion: Yentzer v. Taylor Wine Co., Inc. 409 Pa. 338, 186 A. 2d 396 (1962). By the same token, *it is equally well established that such amendments should be liberally allowed except where surprise or prejudice to the other party will result,* or where the amendment is against a positive rule of law. See, Schaffer v. Larzelere, 410 Pa. 402, 189 A. 2d 267 (1963), and Kilian v. Allegheny Co. Dis., 409 Pa. 344, 185 A. 2d 517 (1962)." (Emphasis supplied.)

A pleading may not be amended where that amendment causes the non-moving party to be prejudiced. As stated by the court in Kilian v. Al-

legheny Co. District, 409 Pa. 344, 347, 185 A. 2d 517 (1962):

"The amendment of pleadings is a matter for the exercise of a wise and judicial discretion in the court below. The right to amend should be liberally granted at any stage of the proceedings, unless there is an error of law *or resulting prejudice to an adverse party.*" (Emphasis in original.)

3. Finally, this court must now determine whether plaintiffs, in this case, would be prejudiced by the granting of the Commonwealth's proposed amendment.

As hereinabove set forth and pursuant to the order of the court dated October 27, 1980, defendant, Commonwealth of Pennsylvania, took depositions on the issue of prejudice and orally argued the same before the court on December 16, 1980.

The depositions revealed that on the day of the accident, James Corby was plaintiff, William Manuella's supervisor and that Corby died about one and one half years prior to the taking of the said depositions.

Plaintiffs argued that Corby was a "key fact" witness, who would have been able to testify about the degree of control and possession the Commonwealth exercised over the accident site.

The deposition also revealed that Corby had numerous conversations with Commonwealth employes and that on the day of the accident, Corby told the said plaintiff that the Commonwealth Inspectors were "rushing" him. Corby had the most contact with these inspectors.

Plaintiffs never deposed Corby due to a reliance on the Commonwealth's above mentioned admission, which as set forth above stated: "7-19. Denied. Paragraphs #7 through 19 inclusive of Plaintiffs' Complaint are denied."

Plaintiffs' reliance was reinforced by the Commonwealth's failure to respond to plaintiffs' interrogatories, which involved the issue of ownership, possession and control of the accident site.

The Commonwealth, in its brief and oral argument, cites many cases all of which hold that late amendments may be filed provided that no prejudice will result to the adverse party.

Among other cases, the Commonwealth sets forth the case Gagliardi v. Lynn, 446 Pa. 144, 285 A. 2d 109 (1971), wherein the Supreme Court upheld the lower court's ruling allowing defendant to amend his answer to include new matter. The court allowed the amendment on the day scheduled for trial, after the jury had been picked and more than a year after service of the complaint, stating at p. 151:

"The lower court . . . further found that '[n]o *substantial rights of the plaintiff were affected by the late filing inasmuch as timely notice of this defense could not have altered his position.* The statute of limitations had run prior to the commencement of the action.' In addition, we observe that no element of surprise was involved, since the other defendant, Lynn, had timely raised the statute of limitations defense in his answer, to which plaintiff had duly replied. It is clear that no abuse of discretion occurred here." (Emphasis supplied.)

Further, in Gregg v. Gacon Construction Company, 249 Pa. Superior Ct. 377, 378 A. 2d 344 (1977), the Superior Court reversed the lower court and permitted defendant to amend its pleadings two years after the filing of the original complaint, stating at p. 379, 378 A. 2d at p. 345:

"Although a new cause of action was introduced in this case by appellant's attempted amendment, the statute of limitations had not run on the quan-

tum meruit claim, *and appellee was in no way prejudiced* by the new cause of action. The lower court's reasoning that appellee would have been unprepared to defend against this claim is unpersuasive in two respects. First, appellant initially moved for leave to amend nearly six months before trial, giving appellee sufficient time to prepare a defense. Second, if the adverse is unprepared to meet new allegations in the amended pleading, the more prudent course is to allow a continuance rather than to deny the amendment. See 3 Goodrich-Aram, Standard Pennsylvania Practice §47, p. 731 (1952)." (Emphasis supplied.)

Finally, in Bell v. Shertrom, 214 Pa. Superior Ct. 309, 257 A. 2d 323 (1969), the Superior Court reversed the lower court and allowed the pleadings to be amended despite the lateness of the pleadings. The court found that the non-moving party was not prejudiced by the amendments, stating at p. 314: *"No prejudice to the appellee was evident.* He could answer or otherwise attack the amended complaint. Certainly the court could grant him a continuance if he were not prepared to go to trial." (Emphasis supplied.)

In the instant matter it is quite obvious that to allow the amendment here sought would result in a substantial prejudice to plaintiffs, since the pleadings of the Commonwealth induced plaintiffs' reliance, to their detriment, on the admissions appearing in paragraph 8 of Commonwealth's answer. Among other things, for example, in relying upon the Commonwealth's admission, plaintiffs did not depose James Corby (now deceased) and did not conduct discovery on the issue of ownership, possession and control of the accident site.

At oral argument on December 16, 1980, plaintiffs' attorney argued that there was no need to

74

pursue this issue since the Commonwealth's admission had been made.

This court finds that in the instant case the lateness of the amendment does not create the prejudice. Rather the prejudice is the loss of a key fact witness, James Corby, along with the lack or discovery, which cannot be made properly at this date.

After a review of the applicable law and factual matters involved herein, the court finds that plaintiffs would be prejudiced by the proposed amendment. Therefore, the Commonwealth's petition to amend answer and new matter is denied.