476 A.2d 974

**Jeffrey M. GROSS and Sherry F. Gross, his wife**

v.

**JACKSON TOWNSHIP, a Municipal Corporation, Appellant.**

Superior Court of Pennsylvania.

Argued Jan. 24, 1984.

Filed June 1, 1984.

Kenneth J. Nolan, Pittsburgh, for appellant.

Philip P.G. Lope, Zelienople, for appellees.

Before WIEAND, TAMILIA and POPOVICH, JJ.

POPOVICH, Judge:

This is an appeal from a judgment entered in the Butler County Court of Common Pleas in favor of appellees, Jeffrey and Sherry Gross. We affirm.

Appellees brought an action in trespass against appellant, Jackson Township, to recover for damages to appellees' shrubs and hedges sustained when appellant was working on a township road. The jury found in favor of appellees in the amount of $9,674 and the court added $1,571.97 for delay damages pursuant to 42 Pa.C.S.A. Rule 238.

Appellant raises two issues: (1) whether the trial court erred in refusing to strike certain expert testimony; and (2) whether the trial court properly instructed the jury concerning the measure of damages.

In 1979, appellant undertook a construction project to widen a township road adjacent to appellees' property. In widening the road, appellant removed a length of approximately 360 feet of hedge and various shrubs and trees. Appellant claims this property lay within its right of way. Appellees contend the hedges, etc. were within their property line and based damages on the cost of restoration.

At trial, James Shuty, an experienced survey engineer, testified on behalf of appellees. Based upon his field survey and research, Mr. Shuty stated that the disturbed area was not within the township right of way. (N.T. 51)

The parties agree that appellant is entitled to 33 feet for the width of this road. The method for measuring the width of the road is, therefore, 16½ feet on each side of the centerline. The centerline becomes the basis for measurement, and it has been defined as the "center line of the road as opened upon the ground". *Lenhart v. Wright*, 286 Pa. 351, 357, 133 A. 495, 498 (1926).

Appellant contends Mr. Shuty's testimony should not have been considered because his expert opinion was not based upon an actual measurement of the road's center but upon calculations using property deeds.

We do not agree with appellant. Mr. Shuty did testify that he established the centerline by researching deeds and "anyone is entitled to their deed distance." (N.T. 55) However, this expert also stated that his deed research supported his visual inspection and he found the lines to coincide. (N.T. 60) Mr. Shuty explained his reasoning in using the deeds was "[b]ecause when the deed line and the existing centerline have a great deal of difference sometime, your concern is whether you worked up properly the property. In this case it fits, so they are one and the same." (N.T. 61) Mr. Shuty did consider the center line, and we find this expert's testimony to have been properly admitted into evidence.

Appellant also argues that the trial court should not have instructed the jury as to the cost of restoration, but, instead, the jury should have used, as the measure of damages, the difference between the property's value before and after the destruction. It is true that this court has in the past held it proper to measure damages by calculating the resulting depreciation in the land. *Norris v. Philadelphia*, 49 Pa.Super. 641 (1912). The rationale for such a measure of damages was that the plant life "had a value

which cannot be determined." *Id.*, 49 Pa.Superior Ct. at 646; *See also, Bullock v. Baltimore and Ohio Railroad,* 235 Pa. 417, 84 A. 421 (1912) (young trees destroyed by fire did not have value as timber and therefore property depreciation method applied).

The facts of this case support a dollar amount being attached to the hedges and shrubs. Appellee secured an estimate from a landscaping service as to the restoration costs and testified that he planned to replace the plant life. The jury's award was the same figure as the proffered restoration estimate.

In *Bell v. Shetrom* we stated:

"We have grave doubts that damage to trees can be ascertained only by showing the before and after value of the land on which the trees were growing .... Whatever approach is most appropriate to compensate for the harm should be used, including perhaps the intrinsic value of the trees to the then existing use of the land or the cost of replacement or restoration. Even if the before and after value of the land is an appropriate measure of damages, evidence of the value of the trees themselves would be competent as indicative of the diminution in the value of the land." 214 Pa.Super. 309, 312, 257 A.2d 323, 324 (1969).

The Restatement (Second) of Torts § 929 (1979) supports the use of the restoration costs as the measure of damages.

"§ 929. Harm to Land from Past Invasions

(1) If one is entitled to a judgment for harm to land resulting from a past invasion and not amounting to a total destruction of value, the damages include compensation for

(a) the difference between the value of the land before the harm and the value after the harm, *or at his election in an appropriate case, the cost of restoration that has been or may be reasonably incurred.*

(b) the loss of use of the land, and

(c) discomfort and annoyance to him as an occupant.

230

(2) If a thing attached to the land but severable from it is damaged, he may at his election recover the loss in value to the thing instead of the damage to the land as a whole." (emphasis added)

██ Appellees made their residence on this property and the hedges and shrubs provided them with privacy and a natural fence for their pets. (N.T. 8) The destruction did harm appellees' use as well as enjoyment of their property. Under these circumstances, the use of restoration costs as a measure of damages was certainly proper. *See, generally,* Annot., 95 A.L.R.3d 508, §§ 4, 5 (1979), and cases cited therein.

Judgment affirmed.