## Anderson v. Cummings

*Samuel F. Bonavita*, for plaintiffs.
*Natalie A. Dwyer*, for defendants.

WOLFE, *P.J.*, October 31, 1986—For disposition is plaintiffs' motion to amend their complaint by substituting as a party defendant Louis K. Cummings in place of defendant Doris K. Cummings. The defense opposes the motion, arguing plaintiffs are attempting to evade Pa.R.C.P. 1033, by substituting a distinct and separate party from the parties named in plaintiffs' writ of summons after the statute of limitations has expired.

Plaintiffs rely upon Gregg v. Gacon Construction Co., 249 Pa. Super. 377, 378 A.2d 344 (1977), wherein it held the caption of a complaint may be amended despite expiration of the statute of limitations if the correct party defendant was served but the complaint has a technical error in naming the party. See also Govora v. Ross, 20 D.&C. 3d 411 (1981), holding when the complaint clearly shows the correct party, notwithstanding the caption is in error, an amendment should be permitted; as well as Cheza v. Repas, 50 D.&C.2d 158 (1970), and Mitchell v. Hendricks, 68 F.R.C. (E.D., Pa.) 1975.

Defendant rebuts plaintiffs' cited cases by pointing out plaintiffs filed no complaint but rather commenced their action by summons and plaintiffs' complaint was filed subsequent to the running of the statute, the summons being filed five days before the statute of limitations expired.

We are hard pressed to conclude, as plaintiffs argue, there was a "typographical error" in naming female defendant Doris K. Cummings for proffered defendant Louis K. Cummings. Typographical errors are the responsibility of the party, not the person who typed the caption; here, plaintiffs are represented by counsel.

The sheriff's return in the instant case shows that on June 26, 1986:*

"He served the complaint in action of summons in trespass filed at no. 300 term (1986), Warren County, Pa., upon defendants Donald Marc Cummings, Doris Cummings and Patricia Cummings at their place of residence, 23 Walnut Street, Warren, Warren County, Pa., by making known the contents thereof to Donald Cummings, *Louis Cummings* and Patricia Cummings and by handing to and leaving with them the certified copy of said complaint with notice to plead endorsed thereon." (Emphasis added.)

Thereafter, on August 1, 1986, defendants filed a notice of service of interrogatories through counsel upon plaintiffs' counsel and the notice carried Louis K. Cummings as a captioned defendant, deleting Doris K. Cummings as a captioned defendant. Also, on August 1, 1986, defendants filed a praecipe with the prothonotary to rule plaintiffs to file a complaint and in the caption of the praecipe named Louis K. Cummings as a defendant and deleted Doris K. Cummings as a defendant. In response to the praecipe the prothonotary issued, on August 6, 1986 the rule upon counsel for plaintiffs to file a complaint within 20 days and named as a party defendant therein Louis K. Cummings and Doris K. Cummings was deleted. Thereafter, on August 27, 1986, plaintiffs filed their complaint, through counsel, and named therein as a captioned defendant Doris K. Cummings and deleted defendant Louis K. Cummings. Also in the complaint, at paragraph 3, it is alleged defendant Donald Marc Cummings was operating a 1975 Buick Electra owned by defendants

---

* The motor vehicle accident, as alleged in the complaint, occurred on June 25, 1984.

Louis R. Cummings and Patricia Cummings. Here, it is noted that the middle initial of Louis Cummings appears as "R" rather than "K."

In a review of the pleadings, praecipe and motions, there clearly exists a Doris Cummings and a Louis Cummings and the sheriff's return concludes both were served with the complaint.

The statute of limitations had run at time of service of the complaint in summons upon the proffered substituted party, Louis Cummings. Thus, at this point in time defendant Louis Cummings had a viable affirmative defense when he was made aware of the cause of action. A review of the intent of the rule and the cases therein, as appearing in Goodrich Amram 2d, Vol. 2, Rule 1033.3, is "to correct the 'name of a party.' This limits the rule to the existing parties; it cannot be used as a device for adding a new party to the action under the guise of 'correcting the name,' particularly if the statute of limitations has run against a new cause of action."

We hold that the decision in Saracina v. Cotoia, 417 Pa. 80, 208 A.2d 764 (1965), controls in the instant case. There, the court in discussing the function and penalties for violation of Rule 1033 stated:

"If the right party was in court as the result of service of process and it was merely his or its designation which was sought to be changed, we would be prone to permit the amendment. See Powell v. Sutliff, 410 Pa. 436, 189 A.2d 864 (1963). However, in the case at bar service was made on "Anthony Cotoia, the within named defendant, by handing a true and attested copy to his father, an adult member of his household, at his place of residence.' the return in no way indicates that Robert Catoia was properly served and is now before the court."

It is urgent, in our opinion, to note that the issue of whether one should be permitted to amend after

the statute of limitations has run or not depends upon if the initial process, in the instant case the writ of summons, brought the proper party "into court."

Here, it is clear that neither Louis K. Cummings nor Louis R. Cummings were brought into court before the statute had run.

It may be argued that, notwithstanding defendants' current position, defendants are now estopped or have at least waived the right to assert the statute of limitations because defendants' praecipe properly named the proffered substituted defendant as well as the caption on the notice of service of interrogatories; that is to say, defendant Louis K. or Louis R. Cummings was in no way deceived as to whom plaintiffs had in mind in filing the summons in trespass and the subsequent complaint. The difficulty we experience in making this conclusion is, even after being put on notice by defendants, plaintiffs persisted in naming Doris K. Cummings and not Louis R. or Louis K. Cummings as the party defendant in the complaint. We have found no cases on this issue. We conclude defendants did not mislead plaintiffs in any manner as to the proper identify of defendant before the statute had run and thus are not estopped from now asserting it, nor have they waived the right after plaintiffs persisted in naming the same defendant, to-writ, Doris K. Cummings, in the complaint as she appeared in the praecipe for the summons in trespass.

We have also studied the case of Ciancatti v. Kaylen, 241 Pa. Super. 437, 361 A.2d 842 (1976), wherein a petition was filed to amend the complaint to change the name of defendant from Harry J. Kaylen to Harry J. Kaylen, a/k/a Henry J. Kaylen, after the statute of limitations had expired. It was alleged that Harry J. Kaylen was inadvertently named

as a party defendant and should have been Henry J. Kaylen. The court found some reason to grant the amendment on the grounds that the proper party defendant resided at the address named in the complaint and alleged that defendant operated and owned the vehicle in question and negligently struck plaintiff. The court concluded because Harry J. Kaylen died, the only possible defendant to the instant action was Henry J. Kaylen. This case does not help plaintiffs as the trouble we have with this holding the complaint was filed before the statute had expired, and this case as well as the other cited by plaintiff sub judice is not applicable as the statute had already expired when the summons was served on Louis R. Cummings or Louis K. Cummings.

We therefore conclude plaintiffs' motion to amend their complaint is not simply to correct the name of a party properly identified prior to the running of the statute, but rather is an attempt to bring upon the record a separate and distinct party after the statute has expired, and we enter the following

## FINAL ORDER

And now, this October 31, 1986, plaintiffs' motion to amend the caption of the complaint and the body thereof to delete Doris K. Cummings and substitute therefor either Louis R. Cummings or Louis K. Cummings, is denied.