## Varner v. Roberts

*Mark A. Adams,* for plaintiff.
*Joseph L. Robinson,* for defendants Carnegie Natural Gas Co. and James Stephenson.

GRIMES, *P.J.*, January 4, 1988—On September 23, 1987, plaintiff's attorney, admitted to the Ohio but not the Pennsylvania Bar, filed a complaint in the Prothonotary's Office of Greene County. The grievances in the complaint arose from an incident on October 2, 1985, which allegedly led to plaintiff's husband's death. The record indicates that defendants James Stephenson and Carnegie Natural Gas Co. received service of process on October 1, 1987 and October 6, 1987, respectively. James Stephenson and Carnegie Natural Gas Co. filed preliminary objections on October 21, 1987, in the form of a motion to strike, asserting that plaintiff's attorney is not authorized to appear as the attorney of record because he is not a member of the Pennsylvania Bar. On October 29, 1987, plaintiff's counsel filed an amended complaint signed by himself and a local attorney who is admitted to practice in Pennsylvania. On November 2, 1987, pursuant to rule 301 of the Pennsylvania Bar Admission Rules, plaintiff's attorney was admitted pro hac vice for the purpose of representing plaintiff on this particular matter. Arguments were heard on the preliminary objections on December 17, 1987.

## DISCUSSION

Defendant argues that absent the signature and the identification number of an attorney admitted to the Pennsylvania Bar, the complaint was improperly filed, and is therefore a nullity. Consequently, the amended complaint, purporting to amend the invalid pleading, cannot stand. Further, it is argued that because the two-year statute of limitations for this type of suit has expired, plaintiff should be precluded from filing a valid complaint. Defendant's arguments have ostensible merit but ignore the

underlying policies of the Rules of Civil Procedure.

The purpose of a complaint is twofold. First, to set forth the plaintiff's cause of action, and secondly, to inform defendant of the nature of plaintiff's claim, thereby enabling defendant to prepare a defense. The complaint herein accomplished both of these goals. Regardless of whether the complaint was submitted by an Ohio or a Pennsylvania attorney, the pleading adequately demonstrated the facts on which plaintiff will rely for her claim. Although it appears that defendant Carnegie Natural Gas Company did not receive service of the complaint until October 6, 1987, which was after the expiration of the statute of limitations, the service nevertheless conforms with Pennsylvania Rule of Civil Procedure 401. Rule 401(a) provides that "[o]riginal process shall be served within the Commonwealth within 30 days after the issuance of the writ or the filing of the complaint." The complaint was filed on September 23, 1987, less than 30 days prior to defendant's receipt of service.

Defendants cite numerous cases in which improperly filed mortgages, releases or deeds were held to be invalid. Defendants contend that the prothonotary should not have accepted the complaint because it was not signed by an attorney with a Pennsylvania identification number. Defendants also cite Pennsylvania Bar Admission Rule 301(a), which provides that even an attorney who is admitted pro hac vice shall not be authorized to act as attorney of record. The cases relating to improperly filed documents are arguably analogous, but do not manifest the traditionally liberal application of the rules of pleading.

"The Pennsylvania Rules of Civil Procedure require that every pleading of a party represented by an attorney must be signed by at least one attorney

of record in his individual name. (Pa.R.C.P. 1023(a)) . . . The failure to sign a complaint renders it defective. However, a complaint defective under Rule 1023 may be corrected by amendment, if the objecting party is not injured. Thus, [such a complaint is] not fatally defective, but amendable. Standard Pennsylvania Practice 2d section 21:16 (footnotes omitted).

In the present case, defendants have not alleged that any injury will result if the plaintiff is allowed to amend the complaint.

Pennsylvania Rule of Civil Procedure 1033 permits a party to amend a pleading either by written consent of the adverse party or by leave of court. "The courts of this commonwealth have consistently held that the right to amend pleadings should be granted with liberality to secure determination of cases on their merits whenever possible." *Gregg v. Gacon Construction Company*, 249 Pa. Super. 377, 378 A.2d 344, 345 (1977), (citing *Saracina v. Cotoia*, 417 Pa. 80, 83, 208 A.2d 764 (1965)). Moreover, rule 1028(c) allows a party to file an amended pleading as of course within 10 days after service of a copy of preliminary objections. This rule enables a party to amend "in order to eliminate the defect objected to in his pleading." 2B Anderson Pennsylvania Civil Practice section 1033.3(1). Defendants filed their preliminary objections on October 21, 1987, and plaintiff filed an amended complaint signed by a member of the Pennsylvania Bar on October 29, 1987, within the 10-day period. The amended complaint, which cured the flaw of the original complaint, will not be stricken for failure to conform to law under Civil Procedure Rule 1017(b)(2).

Admittedly, the rules which govern the authorization to practice law in this Commonwealth are im-

portant and should not be overlooked. However, Pennsylvania Rule of Civil Procedure 126 instructs practitioners and the judiciary alike to refrain from elevating form over substance. Rule 126 provides:

"The rules shall be liberally construed to secure the just, speedy and inexpensive determination of every action or proceeding to which they are applicable. The court at every stage of any such action or proceeding may disregard any error or defect of procedure which does not affect the substantial rights of the parties." Accordingly, defendants' preliminary objections must be dismissed.

### ORDER

And now, this January 4, 1988, defendants' preliminary objections are dismissed with defendants to file their answers within 20 days.