## P.G.W. Associates v. Lago de Vita Inc.

*Jon M. Lewis,* for plaintiff.

*George A. Kotjarapoglus* and *Sean Cassidy,* for defendant Angerman Associates Inc.

*Ralph D. Conrad,* for defendant Lago de Vita Inc. and Arthur J. Nobile.

ACKERMAN, *J.,* February 12, 1991—In 1983 plaintiff purchased 11 acres of forested land, which it intended to use as homesites, for the sum of $320,000. The land was subject to an oil and gas lease, the lessee being defendant, Angerman Associates Inc. Angerman had the right to drill and operate gas wells under the lease which it did, and as a necessary result of its operation one acre of woodlands was cut. The lease provided:

"Lessee further agrees to pay lessor for any damage to growing crops, trees and fences, caused by lessee in operating this lease."

Thus, there is no question that plaintiff is entitled to the value of the trees that were taken from the one acre, the issue at trial was the extent of plaintiff's damages. Plaintiff contends that the measure of damages should be the cost of replacing the trees while Angerman concedes only the value of the timber cut. It is my conclusion that plaintiff may not recoup more than the value of the timber. The error in plaintiff's method of assessing damages is apparent in the result which it seeks. Plaintiff had the property appraised by a landscape architect, William C. Paxton, who calculated the cost of replacing every tree on the acre and concluded that it would cost $265,528. On the other hand, Mr. Paxton and defendant's expert, Larry Powell, a consulting for-

ester, placed the timber value of the trees at $1,500 and $1,124 respectively.

Plaintiff asserts that the replacement value is the proper measure of damages relying upon *Bell v. Shetrom,* 214 Pa. Super. 309, 312, 257 A.2d 323, 324 (1969); *Gross v. Jackson Twp.,* 328 Pa. Super. 226, 476 A.2d 974 (1984), and section 929 of the Restatement (Second) of Torts (1979) cited with approval in *Gross;* all of which are distinguishable from the present case. The authorities cited stand for the proposition that the court may award as damages the replacement value of trees and shrubs, as opposed to damages equal to the diminution in the value of the land, where trees and shrubs have been lost as a result of tortious conduct. In *Bell,* a runaway tractor-trailer knocked down 14 evergreen trees growing on the plaintiff's land. In *Gross,* township employees working on a road exceeded the limits of the township's right-of-way, damaging plaintiff's shrubs and hedges. In tort actions such as these, the Superior Court held that replacement costs are a measure of damages which may be considered and applied by the trial court.

The present action is not founded on negligence, rather, the parties, or more specifically their predecessors, had agreed in advance that payment would be due for growing crops, trees and fences that were removed. There was no evidence presented that the parties to the lease intended to compensate the landowner for anything more than the basic value of these three items. Had the parties to the lease intended for the landowner to be compensated for the loss of aesthetic value, which is at the root of plaintiff's claim, they could have expressly stated in

the lease that the replacement cost of the trees would be the measure of damages, which they did not.

## VERDICT

And now, February 12, 1991, after taking testimony in a non-jury trial on February 1, 1991, and after reviewing the trial memorandum submitted by counsel, a verdict is entered in favor of plaintiff, P.G.W. Associates, and against defendant, Angerman Associates Inc., in the amount of $1,500.