J-A02027-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| STEPHEN REPKO | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| GALYNA REPKO | : | |
| | : | |
| Appellant | : | No. 837 WDA 2025 |

Appeal from the Order Entered June 26, 2025
In the Court of Common Pleas of Jefferson County Civil Division at No(s):
2023-00742

BEFORE:  STABILE, J., MURRAY, J., and BECK, J.

MEMORANDUM BY MURRAY, J.:                    **FILED: February 17, 2026**

Galyna Repko (Appellant), *pro se*, appeals from the trial court's order granting Stephen Repko's (Repko) petition to enforce the parties' January 28, 2025, marital settlement agreement (Agreement), and reducing by $6,000.00 Repko's monthly alimony payments to Appellant.  The trial court ordered the reduction in alimony to address the condition of the marital residence vacated by Appellant.  After careful consideration, we affirm.

Appellant and Repko married on June 11, 1999.  Repko filed a divorce complaint on October 10, 2023.  On January 28, 2025, the parties executed the Agreement, which resolved the parties' economic issues.  On February 7, 2025, the trial court entered its final divorce decree dissolving the parties' marriage.

On May 22, 2025, Repko filed a petition to enforce the Agreement. Petition, 5/22/25. Repko explained that, "during the pendency of the divorce action, [Appellant] was residing in the marital residence." ***Id.*** ¶ 6. According to Repko,

> [u]pon [Appellant] vacating the marital residence, she completely destroyed the interior of the home. … As a result, [Repko] had to hire people to clean up the home at the sum of $2,000.00. Further, [Appellant] was required to have significant plumbing work in the amount of $903.12 performed due to [Appellant's] failure to keep up with routine maintenance of the marital residence….

***Id.*** ¶¶ 8-10 (paragraph designations and breaks omitted). Repko further alleged that, in violation of the Agreement, Appellant improperly removed Repko's non-marital china and silverware, which he valued at $5,000.00. ***Id.*** ¶ 5. Repko stated that in accordance with the Agreement, he paid Appellant the lump sum of $145,000.00. ***Id.*** ¶ 11. Repko pointed out that the Agreement also requires him to pay Appellant alimony of $1,000.00 per month for two years. ***Id.*** ¶ 12.

In his petition to enforce, Repko sought suspension of his alimony payments to Appellant, until Appellant returned his china and silverware and reimbursed Repko for his expenses incurred related to cleaning/repairing the marital residence. ***Id.*** ¶ 13. Appellant further sought counsel fees and costs. ***Id.*** ¶¶ 14-15.

On June 2, 2025, the trial court conducted a hearing on Repko's petition. Repko appeared represented by counsel; Appellant appeared *pro se*.[1] At the hearing, Repko testified regarding the deplorable condition of the marital residence upon Appellant's departure, and the costs he incurred to clean and repair the residence. N.T., 6/2/25, at 6-9. Repko presented, as exhibits, photographs documenting the condition of the marital residence following Appellant's departure. *Id.* at 6 (Ex. A, B). In addition, Repko presented the bill he paid for plumbing repairs. *Id.* Ex. C. Repko sought $2,000.00 for the costs he incurred for cleaning the residence; $3,500.00 for the china retained by Appellant; and $1,500.00 for the silverware retained by Appellant. *Id.* at 8.

Repko also presented the testimony of Larry Boyer (Mr. Boyer), a friend. *Id.* at 15. Mr. Boyer testified that he accompanied Repko to the marital residence on May 1, 2025. *Id.* Mr. Boyer testified that the residence

> looked like an estate sale. … [E]verything was so overloaded. It looked like a yard sale; cob webs, and stuff on the corners of the rooms. Everything was just very dirty and … you would think a family of 5 lived there. It was … just one person. All 3 floors were full of stuff.

*Id.* According to Mr. Boyer, "I did haul away 5 truck loads of stuff, giving it to Goodwill. I worked there for 5 days …." *Id.* Mr. Boyer confirmed that Appellant paid Mr. Boyer for his assistance. *Id.* at 16.

---

[1] At the beginning of the enforcement hearing, after an inquiry by the trial court, Appellant elected to proceed *pro se*. *See* N.T., 6/2/25, at 2-3.

Appellant testified on her own behalf. *Id.* at 19. Appellant explained that

> [t]he reason I left the mess in the house [is] because … I planned to take everything in the house and I couldn't because [Repko's] lawyer delayed my marital fund money and 2 months of alimony check[s]. I didn't have funds to hire the moving truck [and a] trailer for my car and the driver….
>
> I would take all that stuff but I have to go through and take all the necessary things. When I left, I sent [Repko an email.] I have an agreement with Martha[, an] Amish neighbor, that she will come and clean the house and take whatever she wants to. I sent [Repko the] email, [telling him to] hire Martha to clean the house. I cannot be responsible [that Repko] hire[d] people and pa[id] for it. You know? It's not my responsibility.
>
> [Repko] … can do this[;] … he's [a] mean person. … [H]e's going after me. …
>
> But anyway, they left me without funds and then left me without money. I had no place to live. I have nothing. I'm … still not stable yet….

*Id.* at 19-20. Appellant also stated that Repko's "silverware never sold." *Id.* at 20. Appellant further claimed that Repko did not own the china. *Id.*

On cross-examination, Appellant acknowledged that her attorney received the lump sum payment from Appellant in April 2025, but Appellant was unable to collect the check because "I was on the road already." *Id.* at 22. Appellant disputed that she left the marital residence "a disaster," but conceded it was "a mess." *Id.*

At the close of the hearing, the trial court granted Repko's petition, and ordered that Appellant owed Repko $6,000.00 in damages. *Id.* at 27. The trial court further ordered that the damages award will be deducted from

Appellant's alimony award, by reducing Repko's monthly alimony obligation from 24 months to 18 months. *Id.* at 28. The trial court specifically found Repko's testimony to be credible. *Id.* The trial court's written order is dated June 9, 2025. On June 17, 2025, Appellant filed a motion for reconsideration of the trial court's order, which the trial court denied by operation of law.

Appellant filed a notice of appeal on July 10, 2025. On July 14, 2025, the trial court ordered Appellant to file a Pa.R.A.P. 1925(b) concise statement of matters complained of on appeal. Trial Court Order, 7/14/25. Appellant filed her concise statement on July 29, 2025. The trial court filed its opinion on July 29, 2025.

On July 17, 2025, Repko filed in this Court a motion to quash the appeal. Repko claimed that Appellant's notice of appeal was untimely filed. In considering Repko's motion, our review disclosed that the trial court's order (dated June 9, 2025) was not docketed until June 26, 2025. Further, the trial court's docket reflects that notice pursuant to Pa.R.C.P. 236(b) was entered on June 26, 2025. We therefore denied Repko's motion to quash, as Appellant timely filed her appeal within 30 days of the trial court's docketed order. Order, 8/6/25. *See* Pa.R.A.P. 903(a) (notice of appeal shall be filed within 30 days after order is entered on the trial court docket); Pa.R.A.P. 108(b) (date of entry of an order shall be the day on which the clerk makes the notation in the docket that notice of entry of the order has been given as required by Pa.R.C.P. 236(b)).

Appellant presents the following issues for our review:

1. Did the trial court err and abuse its discretion by deducting $6,000 from Appellant's alimony without due process, adequate notice, or sufficient evidentiary support?

2. Did the court improperly deny Appellant the opportunity to present evidence or secure counsel after her prior attorney withdrew shortly before the hearing?

3. Did the trial court exhibit bias against Appellant based on her *pro se* status, disregard her financial hardship, and ignore her history as a protected party under an active [Protection from Abuse Act[2] petition] against [Repko]?

4. Did the court improperly credit unproven allegations of property damage and missing personal property[,] while disregarding evidence of [Repko's] history of harassment and abuse?

5. Did the court improperly weigh Appellant's marital fund share while ignoring her health, age, housing, and relocation expenses?

Appellant's Brief at 3 (unpaginated) (footnote added).

Initially, we observe that a trial court has broad equitable powers to enforce marital settlement agreements:

In all matrimonial causes, the court shall have full equity power and jurisdiction and may issue injunctions or other orders which are necessary to protect the interests of the parties or to effectuate the purposes of this part and may grant such other relief or remedy as equity and justice require against either party or against any third person over whom the court has jurisdiction and who is involved in or concerned with the disposition of the cause.

---

[2] 23 Pa.C.S.A. §§ 6101-6122.

23 Pa.C.S.A. § 3323(f); *see also **Annechino v. Joire***, 946 A.2d 121, 124 (Pa. Super. 2008) (holding that Section 3323(f) may be used to enforce a marital settlement agreement).

Pa.R.C.P. 1920.43(a) provides that a party may file a petition for special relief

> [a]t any time after the filing of the complaint, on petition setting forth facts entitling the party to relief, the court may, upon such terms and conditions as it deems just, including the filing of security,
>
> ….
>
> (3) grant other appropriate relief.

Pa.R.C.P. 1920.43(a)(3).

We review a trial court's decision to grant special relief in divorce actions under an abuse of discretion standard. ***Conway v. Conway***, 209 A.3d 367, 371 (Pa. Super. 2019).

> Judicial discretion requires action in conformity with law on facts and circumstances before the trial court after hearing and consideration. Consequently, the court abuses its discretion if, in resolving the issue for decision, it misapplies the law or exercises its discretion in a manner lacking reason. Similarly, the trial court abuses its discretion if it does not follow legal procedure.

***Id.*** (citation omitted). We additionally recognize that "it is within the province of the trial court to weigh the evidence and decide credibility[,] and this Court will not reverse those determinations so long as they are supported by the evidence." ***Morgante v. Morgante***, 119 A.3d 382, 387 (Pa. Super. 2015).

"When reviewing questions of law, our scope of review is plenary." *Conway*, 209 A.3d at 371 (citation omitted).

In the argument section of her brief, Appellant addresses her first two issues together. *See* Appellant's Brief at 5-6 (unpaginated). Appellant argues that the trial court violated her constitutional right to due process. *Id.* at 5 (unpaginated). Appellant claims that she received notice of the hearing "only days before [the hearing], after having relocated to South Carolina." *Id.* According to Appellant, she

> received less than one week's notice after relocating out of state and could not secure counsel. This deprived her of a fair opportunity to defend against [Repko's] claims, violating [*Commonwealth v.*] *Wint*[, 730 A.2d 965 (Pa. Super. 1999)].
>
> Appellant was not properly informed about her language access rights, in violation of Pa.R.A.P. 124 and constitutional fairness.

*Id.* at 5-6 (unpaginated). The foregoing constitutes the entirety of Appellant's supporting argument for her first two issues.

"A question regarding whether a due process violation occurred is a question of law for which the standard of review is *de novo* and the scope of review is plenary." *S.T. v. R.W.*, 192 A.3d 1155, 1160 (Pa. Super. 2018) (citation and emphasis omitted).

As this Court has explained,

> "Procedural due process requires, at its core, adequate notice, opportunity to be heard, and the chance to defend oneself before a fair and impartial tribunal having jurisdiction over the case." *Garr v. Peters*, 773 A.2d 183, 191 (Pa. Super. 2001) (citation omitted). "Due process is flexible and calls for such procedural protections as the situation demands." *In re*

> ***Adoption of Dale A.***, … 683 A.2d 297, 300 (Pa. Super. 1996)
> (citation omitted).

***Derosa v. Regis***, 286 A.3d 321, 329 (Pa. Super. 2022).

Our review discloses no support for Appellant's claimed due-process violation. As the trial court stated in its opinion, Appellant "asked to attend the hearing by telephone [and] waived her right to counsel …." Trial Court Opinion, 7/29/25, at 1. There is no indication that Appellant requested a continuance or the assistance of an interpreter. Because Appellant raises this issue for the first time on appeal, it is waived. ***See*** Pa.R.A.P. 302(a) (stating that an issue cannot be raised for the first time on appeal).

In her third issue, Appellant argues that the trial court's award of damages is not supported by "proof of damage or possession loss." Appellant's Brief at 6 (unpaginated). Appellant argues that

> [n]o photos, receipts, or testimony were offered to substantiate [Repko's] personal items claims. The [trial] court accepted [Repko's] word without scrutiny, contrary to fundamental due process principles. ***See Commonwealth v. Wint***, 730 A.2d 965 (Pa. Super. 1999). Appellant was denied the chance to respond or present evidence, such as an email [when she offered] to clean the property or her explanation for leaving possessions behind.
>
> As in ***Benn***[***y***]***hoff*** [***v. Pappert***, 790 A.2d 313 (Pa. Super. 2001)], judgment cannot rest solely on unsupported allegations.

***Id.*** This is the entirety of Appellant's argument.

It appears that Appellant challenges the admissibility and sufficiency of Repko's testimony regarding the value of his personal property, and the trial court's credibility determinations. Appellant provides no citations to the

record to support her allegations. **See** Pa.R.A.P. 2119(c) ("If reference is made to the … evidence … or any other matter appearing in the record, the argument must set forth, in immediate connection therewith, … a reference to the place in the record where the matter referred to appears."). Nevertheless, we will address Appellant's argument, to the extent we are able to discern her claim.

We review a trial court's evidentiary rulings for an abuse of discretion. **Hutchinson v. Verstraeten**, 304 A.3d 1268, 1271 (Pa. Super. 2023).

> An appellate court cannot find an abuse of discretion merely for an error of judgment, unless, in reaching a conclusion, the trial court overrides or misapplies the law; or its judgment is manifestly unreasonable; or the evidence of record shows that the court's judgment exercised is manifestly unreasonable or lacking in reason.

**Id.** at 1273 (citation omitted).

> We note the following well-established legal principles:
>
> The Divorce Code does not specify a particular method of valuing assets. Thus, [t]he trial court must exercise discretion and rely on the estimates, inventories, records of purchase prices, and appraisals submitted by both parties. When determining the value of marital property, the court is free to accept all, part or none of the evidence as to the true and correct value of the property. Where the evidence offered by one party is uncontradicted, the court may adopt this value even [though] the resulting valuation would have been different if more accurate and complete evidence had been presented. A trial court does not abuse its discretion in adopting the only valuation submitted by the parties.

**Snyder v. Snyder**, 275 A.3d 968, 977 (Pa. Super. 2022) (citations, quotation marks, and footnote omitted).

An owner of property is competent to testify regarding his or her property, "since he has at least a general knowledge of what he owns." ***Sgarlat Estate v. Commonwealth***, 158 A.2d 541, 545 (Pa. 1960); ***see also Guntrum v. Citicorp Tr. Bank***, 196 A.3d 643, 648-49 (Pa. Super. 2018) ("The real owner is deemed qualified, by reason of his relation as owner, to give estimates of the value of what he owns, regardless of his knowledge of property values, and the weight of such evidence is for the [fact-finder]." (citation and emphasis omitted)).

As stated above, Repko testified regarding the value of the china and silverware Appellant had removed from the marital residence, as well as his costs to clean and repair the residence. N.T., 6/2/25, at 6-9. Repko further provided photos and a receipt to support his testimony. ***Id.*** Ex. A-C. The trial court credited Repko's testimony. ***Id.*** at 28. Because the trial court's valuation findings are supported by the record, and we discern no abuse of the trial court's discretion, Appellant's third issue merits no relief. ***See Conway***, 209 A.3d at 371; ***Morgante***, 119 A.3d at 387.

In her fourth issue, Appellant argues that

> [t]he [trial] court's treatment of Appellant's *pro se* status and financial condition shows bias and disregard for her limited income, loss of health insurance, relocation expenses, and ongoing abuse history. Pa.R.C.P. 1910.16-5 requires consideration of the parties' needs and abilities to pay, which was absent here.

Appellant's Brief at 6.

Our review discloses that in her brief, Appellant failed to identify the instances of the trial court's alleged bias, or direct us to the place in the record where these instances occurred. It is axiomatic that the argument portion of an appellate brief must be developed with citation to the record and relevant authority. Pa.R.A.P. 2119(a)-(c). "We shall not develop an argument for an appellant, nor shall we scour the record to find evidence to support an argument[.]" *Milby v. Pote*, 189 A.3d 1065, 1079 (Pa. Super. 2018).

While this Court is willing to liberally construe materials filed by a *pro se* litigant,

> [an] appellant is not entitled to any particular advantage because [s]he lacks legal training. Further, any layperson choosing to represent [her]self in a legal proceeding must, to some reasonable extent, assume the risk that h[er] lack of expertise and legal training will prove h[er] undoing.

*Rich v. Acrivos*, 815 A.2d 1106, 1108 (Pa. Super. 2003) (internal citations and quotations omitted).

Instantly, a liberal construction of Appellant's brief cannot remedy the brief's inadequacies. Appellant has chosen to proceed *pro se*. We will not act as Appellant's attorney and develop her argument.[3] *See Smathers v.*

---

[3] We further observe that Appellant's reliance on Pa.R.C.P. 1910.16-5 is misplaced. Rule 1910.16-5 sets forth the spousal support guidelines-deviation factors. Here, however, the parties settled their property dispute by means of the Agreement. Appellant does not challenge the validity of the Agreement or seek its modification. As such, Rule 1910.16-5 provides no support for Appellant's argument.

*Smathers*, 670 A.2d 1159, 1160 (Pa. Super. 1996) (recognizing that the Court cannot act as a *pro se* litigant's attorney and develop the argument). Because Appellant failed to adequately support her claim with citations to the record and relevant authorities, we deem it waived. *See* Pa.R.A.P. 2119(a)-(c); *Milby* 189 A.3d at 1079.

In her fifth issue, Appellant argues the trial court "failed to address the pattern of abuse and retaliation" Repko exhibited against Appellant. Appellant's Brief at 7 (unpaginated). Appellant argues that Repko has a history of abusive litigation and slander against her. *Id.* According to Appellant, she "did not have an opportunity to raise this question in the [trial] court due to the aggressive court's behavior towards Appellant." *Id.*

Appellant provides no citations to the place in the record where the trial court exhibited "aggressive" behavior, nor does she provide citations to any legal authorities supporting her claim. For this reason, we deem this issue waived. *See* Pa.R.A.P 2119(a)-(c); *Milby* 189 A.3d at 1079.

Because Appellant advances no meritorious issue, we affirm the trial court's order.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

2/17/2026